HIGGINS, Justice.
 

 In each of these three cases the Levee District instituted injunction proceedings to restrain the District Attorney from interfering with two alleged special attorneys said to have been employed by the districts to represent each o,f them in several special matters under resolutions of the Board of Commissioners of the respective districts, wherein it is recited that there was a real necessity for the employment of special counsel in certain special matters. The district judge issued restraining orders and rules to show cause why preliminary writs of injunction should not issue. The defendant filed exceptions of no right and of no cause of action, and answered, denying that there was any real necessity for the employment of any special attorney to represent the districts in any special matters, and averring that the resolutions in question show that the employment of the attorneys was as general counsel in general matters, in violation of the provisions of Act 125 of 1912, as amended by Act 182 of 1940.
 

 Prior to the institution of these three suits, the district attorney had instituted two separate injunction proceedings against the same alleged special attorneys attacking the validity of their employment under resolutions of the respective boards of the districts, on the same grounds urged in the defenses to the present cases. In those two matters, another district judge issued restraining orders, prohibiting the alleged special counsel from proceeding further and issued rules to show cause why preliminary writs of injunction should not be granted.
 

 On the date set for the trial of the rules nisi, it was agreed between the parties that the testimony and evidence submitted would apply to all five cases, in which separate judgments were to be rendered. The exceptions of no right and of no cause
 
 *662
 
 of action were referred to the merits and a voluminous amount of testimony and evidence was introduced.
 

 ■The district judge held that under the provisions of Act 125 of 1912, as amended by Act 182 of 1940, the District Attorney was the regular attorney for the Levee Boards of his judicial district, without compensation; that the same statute prohibited the Levee Boards from employing or paying general counsel in general matters, and also prohibited such attorneys from accepting such employment or payment, from the Levee Boards; that there was no evidence submitted to justify the employment of counsel; that the Levee Districts had no right or cause of action to enjoin the District Attorney from representing these Boards as their regular attorney; that the employment of counsel was contrary to the provisions of the above-mentioned statute, as amended; and that the exceptions of no right and of no cause of action were well founded in these three cases. He sustained them and dismissed plaintiffs’ suits. They have appealed and the cases were consolidated for hearing in this court.
 

 The record shows that Leander H. Perez has been the District Attorney of the Twenty-fifth Judicial District, which is composed of the Parishes of Plaque-mines and St. Bernard, since the year 1924; that the three Levee Districts are located in that Judicial District; that on September 11, 12 and 16, 1941, the three Levee Boards adopted separate resolutions, which were prepared by Thomas E. Furlow and William J. Blass, employing them as attorneys for the respective Boards “ * * * to make a complete investigation and analysis of the financial affairs of this board, all contracts and transactions to which this Board was or is a party or on account of which it has paid out money, and all transactiohs with respect to lands, leases, mineral leases, royalties, -rights and interests in which this board has or had any.title or right, and in the name and behalf of this Board to institute and prosecute to conclusion any and all suits deemed necessary and proper to recover for this board any lands, leases, mineral leases, royalties, rights, interests, and money to which it may be entitled, to defend any and all suits in which this board may be a defendant and in which its title or rights to any lands, leases, mineral leases, royalties, rights, interests or money may be questioned, it being intended that said attorneys be authorized and empowered to do all things necessary to ascertain and to protect the rights of this board in all matters in which it is or was a party or in which it has or had an interest”; that these resolutions were approved by the Attorney General and the Governor; that the District Attorney thereupon filed the two injunction suits above mentioned attacking the resolutions on the same grounds urged as defenses in the instant cases and on the further ground that the resolutions had not been published-as required by the provisions of the amended statute; and that after the restraining order was issued therein the three Levee Boards, on October 16, 22 and 23, 1941, adopted three other resolu
 
 *664
 
 tions, respectively, which were prepared by Furlow and Blass, repealing the former ones and declaring that a real necessity existed for the employment of- special counsel for certain matters.
 

 In paragraph 2 of the petition of the Buras Levee District, the necessity for the employment of special counsel in the special matter is alleged to be: “ * * * (a) to make such demands qnd to file and prosecute in the name and behalf of petitioner any suit or suits necessary to obtain for it a ratable portion of the severance taxes allocated to Plaquemines Parish under Section 21 of Article X of the Constitution and companion statutes,' for the current, future and past years, (b) to make such demands and file and prosecute in the name and behalf of petitioner all suits necessary to have judicially decreed illegal, null and void the certain contract between petitioner and Plaque-mines Parish and the Police Jury thereof under date of August 8, 1933, recorded in Conveyance Book 74, page 426, in the office of the Recorder v of Plaquemines Parish, and all things done to carry said agreement into effect and in furtherance of the purposes thereof, and to recover all lands, leases, mineral leases, royalties, rights, interests and money to which petitioner has been deprived or would be deprived in the future, by reason of sai.d agreement and things done to carry it into effect and in furtherance of its purposes, and (c) to represent petitioner, as its at-, torney of record in the suit entitled, State of Louisiana v. Gulf Refining Company et ah, No. 1693 on the civil docket of the Twenty-fifth Judicial District Court for the Parish of Plaquemines.”
 

 In paragraph 2 of the petition of the Lake Borgne Basin Levee District, the real necessity for employment of special counsel in the special matters is the same as that stated under (a) in paragraph 2 of the Buras Levee District’s petition; and “(b) to make such demands and file and prosecute in the name and behalf of petitioner all suits necessary to have judicially decreed illegal, null and void certain redemption deeds heretofore granted by the Register of the State Land Office and officers of petitioner, by which they pretend to convey lands which had theretofore been adjudicated to the State for nonpayment ,of taxes due and thereafter conveyed to'petitioner; and (c) to make such demands and to file such suits as may be necessary to recover from L. H. Perez amounts due to him for his use jointly with petitioner of certain office space, the rent on which was paid by the petitioner and for telephone service and electric service to him and petitioner, all of which was paid for by petitioner, over a period of years.”
 

 In paragraph 2 of the petition of the Board of Commissioners of the Grand Prairie Levee District, the real necessity for employing special counsel in the special matters is also the same as that set forth under (a) in paragraph 2 of the Buras Levee District’s petition, and “(b) to make such demands and to file and prosecute in the name and behalf of petitioner all suits necessary to have judicially decreed illegal, null and void the certain contract entered
 
 *666
 
 into during or about December, 1938, pursuant to a resolution of petitioner adopted on December 1, 1938, between petitioner and Plaquemines Parish and the Police Jury thereof, which contract is recorded in the office of the Recorder of Plaquemines Parish, and all things done to carry saifl agreement into effect and in furtherance of the purposes thereof, and to recover all lands, leases, mineral leases, royalties, rights, interests and money of which petitioner has been deprived, or would be deprived in the future, by reason of said agreement and things done to carry it into effect and in furtherance of its purposes.”
 

 The resolution of the Buras Levee Board provided for the payment of fees to Fur-low of $2,500 and to Blass of $1,500, and an advanced cash payment of $500 for their expenses, upon approval of the resolution by the Attorney General. The Lake Borgne Basin Levee Board’s resolution provided for the payment of fees to Fur-low of $1,000 and to Blass of $600, and an advanced cash payment of $200 for their expenses, upon approval of the resolution by the Attorney General. The Grand Prairie Levee Board’s resolution provided for the payment of fees to Furlow of $1,500 and to Blass of $900, and an advanced cash payment of $300 for their expenses, upon approval of the resolution by the Attorney General. These were the same fees and expenses set forth in the previous resolutions adopted by these respective Boards on September 11, 12 and 16, 1941.
 

 It appears that the repealed resolutions of September 11, 12 and 16, 1941, were not published in the official journal, but the resolutions of October 16, 22 and 23, 1941, were published therein; that Honorable L. Robert Rivarde was serving as temporary judge of the Twenty-fifth Judicial District Court at the time restraining orders were issued in the first two cases; and that Honorable Henry L. Himel was acting as temporary judge of the said court when restraining orders were issued in the three present cases, and was the judge before whom the five consolidated cases were tried.
 

 Act 125 of 1912, as amended by Act 221 of 1920, Act 341 of 1938, and Act 182 of 1940, expressly states that the District Attorney is the regular attorney for the police juries and levee boards, of his judicial district and shall serve without compensation. Section 3 of the amended statute reads: “Be it further enacted, etc., That no Police Jury, Levee Board, Parish School Board, City School Board or other local or state board shall retain or employ any special attorney or counsel to represent it in any special matter or pay any compensation for any legal services whatever unless a real necessity exists therefor made to appear by a resolution thereof, stating fully the reasons for such action and the compensation to be paid, which resolution shall then be subject to the approval of the Attorney General and shall, if and when approved by him be spread upon the minutes of such body and published in the official journal of the Parish.”
 

 Counsel for the plaintiffs contend that after the Boards of the Levee Districts
 
 *668
 
 have adopted resolutions stating that “a real necessity exists” for the employment of special counsel in special matters, the court is without any authority to interfere in these administrative matters, which are nonjudicial.
 

 The attorneys for the defendant argue that the District Attorney is “ * * * ex-officio and without extra compensation, general or special, * * * the regular * * * counsel for the Police Juries * * * Levee Boards * * * ”; that the Boards or the respective Levee Districts illegally attempted to employ general counsel for general purposes under the first set of resolutions and, realizing that those resolutions violated the above amended statute, attempted to correct the error by repealing them and adopting the second set of resolutions and placing therein all of the general matters contemplated by the first set of resolutions, all with a view of excluding him from the duties and functions of his office as District Attorney; that the question of the real necessity for employment of special counsel by the Board is subject to review by the court; and that the District Attorney has an interest in having the issue of real necessity determined, otherwise the Boards could, for all practical purposes, deprive him of his office without even a hearing.
 

 It will be observed that the above-quoted section of the statute does not in any way expressly or impliedly state that the resolution of the Board shall be final and conclusive on the question of real necessity. On the contrary, it is provided that the resolution shall be spread upon the minutes of the Board and published in the official journal of the Parish, clearly indicating that those who are adversely affected would have a right to challenge, in court, the verity of the Boai'd’s assigned reasons of real necessity for the employment of special counsel for special matters. It is also to be noted that such resolution need only be approved by the Attorney General, so that the approval by the Governor in this case was unnecessary and any suggestion that the court could not go behind an executive order is without foundation.
 

 It is our view that under the facts and circumstances of these cases, the district attorney had an interest and a right to have the court determine, and the court had jurisdiction to decide, whether or not there was real necessity for the employment of special counsel for the alleged special matters or, in short, whether or not the Boards had complied with, evaded, or violated the provisions of the statute in adopting their respective resolutions. We are fortified in this conclusion by Section 4 of the statute, which not only prohibits’ the illegal employment of attorneys by Levee Boards but makes the illegal employment a misdemeanor both against the offending members of the Board and the attorneys so employed.
 

 The District Attorney insists that these Boards have attempted to exclude him from office, without any notice whatsoever, by first adopting resolutions giving general employment in general matters to these attorneys ; that the members of the Boards and their counsel, realizing that they had
 
 *670
 
 thereby violated the provisions of Act 125 of 1912, as amended, sought to evade the provisions of the statute by adopting the second set of resolutions in which they divided, in a most general way, the same general unrelated matters and transactions going back over a great many years, and providing for the employment of the same attorneys to perform the same services for the same fees and expenses covered by the first set of resolutions; and that the allegations of the plaintiffs’ petitions and their resolutions show conclusively that this is an attempt on the part of the Boards to do indirectly that which they could not do directly, i. e., retain or employ general counsel for general purposes and, therefore, the petitions do not set forth any right or cause of action.
 

 The trial judge referred these exceptions to the merits and after taking a copious amount of evidence and hearing extensive arguments, concluded that the exceptions were well founded and sustained them. It appears in the district judge’s written opinion that he considered the evidence in connection with the exceptions. Conceding that the Boards retained the attorneys as special counsel in special matters, a view most favorable to the plaintiffs, but without deciding that issue, we will consider whether or not the Boards have shown, as they allege, that there was a real necessity for the employment of special counsel in these several matters.
 

 All of the Boards are claiming the right to ratable portions of the severance taxes allocated to the Parish of Plaque-mines under Section 21 of, Article X of the Constitution of 1921, and the companion statutes. It was shown that proper proceedings had been instituted in the Nineteenth Judicial District Court in and for the Parish of East Baton Rouge, with the Attorney General on one side contending that these Levee Districts were entitled to their ratable portions of these severance taxes and the District Attorney on the other maintaining that they were not. The case has been tried and ■ submitted to the district judge and is' now under advisement -for decision. The final judgment of the court in this matter will settle the question.
 

 There is nothing in the record to show that the Attorney General’s office has not been and is not now in a position to continue with the trial of this case until it is finally determined, or that he has expressed any unwillingness to do so. As these Levee Boards were ably represented by the Attorney General’s office .in having these issues determined by the courts, without added expense to the Boards, it cannot be said that there was a real necessity for the employment of special counsel for this matter just because the District Attorney has taken the view that the Parish of Plaquemines is entitled to these severance taxes and not the Levee Districts.
 

 _ As to the matters of haying declared null and void the contracts between the Buras Levee District and the Parish of Plaquemines, dated August 8, 1933, and between the Parish and the Grand Prairie Levee District, dated December,
 
 *672
 
 1938, under which contracts the respective Levee Districts conveyed to ' the' Parish of Plaquemines certain assets and lands, and their portions of the severance taxes, in consideration of the Parish assuming their bonded indebtedness, it is also sufficient to say that upon the instructions of the Attorney General, the State Auditor and the State Treasurer have withheld further payments of the severance taxes to the Police Jury of the Parish of Plaque-mines resulting in the District Attorney filing mandamus proceedings against, the Auditor and the Treasurer, in the Nineteenth Judicial District Court at Baton Rouge, to compel them to pay the severance taxes to the Police Jury of Plaque-mines Parish. In these proceedings, it will be determined ’whether or not the Levee Districts have validly assigned their rights to the severance taxes until the respective bond issues are liquidated and their rights therein will be safeguarded by the Attorney General, without any expense to the Boards.
 

 The observations that we have made above with reference to the Attorney General are equally applicable here.
 

 With regard to the suit of the State v. Gulf Refining Company et al., No. 1693 of the civil docket of the Twenty-fifth Judicial District Court, Plaquemines Parish, suffice it to say that the State of Louisiana, through the Attorney General’s office is claiming certain lands, the title to which is adversely asserted by the Buras Levee District and the Parish of Plaquemines, represented by the District Attorney. The defendants have a common interest in defeating the State’s claim and succeeded in doing so in the district court, whereupon the State appealed to this Court. The matter has been argued before us by the Assistant Attorney General and the District Attorney and is under submission at this time. Clearly, there- was no real necessity for employing special counsel in that matter.
 

 The statement in the Lake Borgne Basin Levee District’s resolution and the second paragraph of its petition that there was a real necessity to institute suits in behalf of the Levee District to have judicially decreed null and void certain redemption deeds granted by officers of the Levee District to parties represented by the District Attorney, who had acquired a personal interest in the lands in lieu of a fee, the lands having been adjudicated to the State for nonpayment of taxes, and thereafter conveyed to the Levee District, is denied by the -District Attorney. He testified that he represented a man named Alphonso, who redeemed certain land, and that he turned the matter over to another attorney, A. S. Cain, and had no further interest in it. He stated that in this matter, as in all others, he was ignored by the members of the Levee Board and, although he stood ready and willing at all times and was in a position to represent the Board, he was never requested to do so, or to give it legal advice; and that he had no conflicting interest with the Board in these matters. No attempt was made to contradict him with any records or evidence. Under' these circumstances, there was no necessity for employment of special counsel.
 

 
 *674
 
 The final matter referred to in the Lake Borgne Basin Levee District’s resolution and paragraph 2 of its petition is the alleged necessity of filing suits against the District Attorney to recover amounts said to be due by him for the joint use of office space, telephone and electric service. In such a situation, it is clear that the District Attorney would have a conflicting and adverse interest to that asserted by the Levee District. He denies the claim in toto.
 

 With reference to the above issue, in Volume II of the record, at pages 40, 41 and 161, respectively, we find the following:
 

 “By Mr. Furlow:
 

 “I should like to say this: That the matter with respect to the joint use of offices, telephone, electric light service — all of that appears in the audit of the affairs of the Lake Borgne Basin Levee District made by Mr. Hayes at Baton Rouge.
 
 That was not made by the !Crime Commis
 
 sion,
 
 and was not made by me.
 
 Any date that is referred to in the Lake Borgne resolution with respect to quarters, telephone service and electric service
 
 over a long period of years, is something that I know nothing about,
 
 except that the auditor’s report shows that a telephone was in the name of the Lake Borgne Levee Board, and that Judge Perez was a joint-user of that phone, and that the bill for that telephone included a vast amount of long distance calls and was paid by the Lake Borgne Board. Moreover, that report does not show that he reimbursed the amount. If he did- — and I certainly hope he did — the record does not show it.” (Italics ours.)
 

 “(At this point there was lengthy statement by Mr. Furlow relative to the audits of Mr. Jerome Hayes; and upon objections made and agreement of counsel and ruling of the court, that portion, comprising thirty-four pages of shorthand notes was ordered stricken from the record.)”
 

 Mr. Hayes was not offered as a witness and there was no documentary proof offered on this score.
 

 In the argument here in open court, Mr. Perez asserted that Mr. Furlow had produced a letter, which was favorable to him (Perez), from the manager of the building where it is said there were adjoining offices. Mr. Furlow states that upon the instructions of the District Judge, he withdrew the letter from the record. Mr. Perez rejoins that he in no way consented to his doing so. Mr. Fur-low did not offer to place the letter before the court. The result is that there is not any evidence -in the record in support of the allegations in the Levee District’s petition or the statement in its resolution that there was a real necessity for employing special counsel in this matter, and, on the other hand, there is positive denial by Mr. Perez that he is indebted to the Board.
 

 The statute does not contemplate that the Board can employ or retain special counsel or attorneys in special matters unless it appears there is a real necessity for doing so. It is difficult to under
 
 *676
 
 stand how there could be a real necessity for such employment at a cost of $900, when the record fails to reveal any evidence that the Board has any claim against Perez. We do not wish to convey the idea that it was incumbent upon the Board to prove its asserted claim against Perez in this matter but simply hold that in the absence of any showing whatsoever that it has such a claim, the Board has failed to prove the allegations of its petition and the statement of its resolution that there was a real necessity for the employment of counsel.
 

 For the reasons assigned, the judgments appealed from are affirmed at the appellants’ costs.