594 So.2d 1326 (1991)
José R. CORTINA
v.
GULF STATES UTILITIES-CAJUN ELECTRIC POWER COOPERATIVE, INC., Gulf States Utilities Company, and Cajun Electric Power Cooperative, Inc.
No. 91 CA 0405.
Court of Appeal of Louisiana, First Circuit.
November 22, 1991.
Rehearing Denied March 13, 1992.
*1327 Evelyn L. Wilson, Clinton, for plaintiff-appellant José R. Cortina.
Robert R. Rainer, William Hodgkins, Baton Rouge, for plaintiffs-appellants GSU-Cajun Partnership, et al.
Leon A. Picou, in pro. per.
Cynthia Picou, in pro. per.
John Rarrick, St. Francisville, for defendant-appellee Picou & Picou.
Before LOTTINGER, SAVOIE and LeBLANC, JJ.
LOTTINGER, Judge.
The subject matter of this appeal is a suit filed by José R. Cortina (Cortina), plaintiff-first appellant, seeking attorney's fees from the GSU-Cajun partnership and its partners, Gulf States Utilities Company (GSU) and Cajun Electric Power Cooperative, Inc. (Cajun). Cortina alleges he is due these fees based on his representation of the West Feliciana Parish School Board (School Board) in a prior suit which ultimately held sales and use taxes were due from the GSU-Cajun partnership but which dismissed the matter of attorney's fees as of nonsuit. See West Feliciana Parish School Board v. Gulf States Utilities Company, 486 So.2d 808 (La.App. 1st Cir.), writ denied, 489 So.2d 924 (1986).
In the trial court during the prior proceedings, Leon A. Picou, Jr., Cynthia Picou, and Cortina all sought to obtain the attorney's fees allowed by the local taxing ordinance. Subsequent to the dismissal and the court's reserving the rights of the participating attorneys to proceed against the partnership, Cortina filed the instant suit against the GSU-Cajun partnership, GSU, and Cajun, seeking the fees.
In response to one of the myriad of pleadings, filings, motions, and orders requested by the parties in this litigation, the trial court ordered Leon Picou and Cynthia Picou joined as indispensable parties and named as defendants. In addition, Leon Picou, Cynthia Picou, and the law firm of Picou & Picou were granted leave to intervene.
A trial was held and judgment was rendered in favor of Leon A. Picou, Jr., and Cynthia Picou, and against GSU-Cajun, GSU, and Cajun, for the sum of $125,000.00. This amount represented a reduction from the 10% statutory attorney's fees, which both Cortina and the Picous, who answered Cortina's appeal, argue is error. In addition, Cortina argues the award to the Picous is error as they did not represent the School Board in the original tax litigation, or in the alternative, that they are precluded from receiving the award as they were, at that time, serving as District Attorney and Assistant District Attorney for West Feliciana Parish and could not, in those capacities, receive the attorney's fees. Cortina also argues that the trial court erred in assigning this suit for trial prematurely and in granting GSU-Cajun's peremptory exception raising the objection of no right of action against Cortina.
GSU-Cajun, second appellant, assigns as error the trial court's holdings concerning the hiring of special counsel to prosecute the prior tax litigation. Both the Picous and GSU-Cajun assign as error the trial court's determination of the effective date of the legal interest award.

FACTS
For a clear understanding of the posture and issues of this appeal, it is helpful to discuss the prior tax litigation. In September, 1981, Leon Picou, the District Attorney for West Feliciana Parish, brought suit for the School Board against Stone and Webster Engineering Corporation and GSU for *1328 sales and use taxes allegedly due from them. Later, Cajun intervened on the side of the defendants. Still later, an alleged partnership composed of Cajun and GSU was made an additional party defendant. The trial court in the prior tax litigation held Stone and Webster liable for sales and use taxes, assessed both interest and penalties, and awarded the 10% statutory attorney's fees.
On appeal, this court reversed the judgment as to Stone and Webster, held the GSU-Cajun partnership liable for the sales and use taxes and affirmed the award of interest and all penalties, except the 5% intent to defraud penalty. The issue of attorney's fees was dismissed as of nonsuit, reserving the parties' rights to proceed against the partnership.
This dismissal and nonsuiting was necessitated by the conflicting contentions and claims for attorney's fees made by Leon and Cynthia Picou and Cortina. It is clear from the record that Leon Picou was counsel for the School Board in the prior litigation and that both Cynthia Picou and Cortina assisted Leon Picou at trial. In addition, it is clear that money is owed to Cortina for work he performed. In an attempt to collect the money owed him, Cortina filed the instant suit against GSU-Cajun, GSU, and Cajun. The peremptory exception raising the objection of nonjoinder of indispensable parties filed by GSU-Cajun was sustained, which joined several additional parties as defendants, including Leon and Cynthia Picou.
During additional pre-trial activity Leon Picou, Cynthia Picou, the law firm of Picou & Picou, and Daniel K. Willis intervened. After trial, the judge sustained the peremptory exception raising the objection of no right of action against Cortina filed by GSU-Cajun and awarded attorney's fees to Leon and Cynthia Picou in the amount of $125,000.00, with legal interest from September 3, 1986, the date of the original petition by Cortina. This date was later amended to assess interest from December 4, 1986, the date of intervention by Leon and Cynthia Picou. From this judgment Cortina and GSU-Cajun have appealed. Leon and Cynthia Picou answered Cortina's appeal.

ASSIGNMENT FOR TRIAL PREMATURELY
Cortina argues the trial court erred in assigning the case for trial before defendants had filed an answer and with outstanding discovery requests. In fact, on the day of the trial, but before the trial began, this court denied a writ application by Cortina raising this issue. In that application Cortina stated there were interrogatories to which he had not received answers and that he planned to take additional depositions. On the showing made, this court found no abuse of discretion and denied the writ.
In this appeal, Cortina adds the argument that the case was set for trial before the defendants had filed their answer. However, Cortina fails to identify the "defendants" in this multi-party case. Included in the record before us is an answer filed by Daniel K. Willis, Picou & Picou law firm, Leon Picou, and Cynthia Picou. Although no answer from GSU-Cajun was found in the record, the transcript contains a discussion on the first day of trial, before the trial judge and all parties and their counsel, of the "answer received this morning [from] the defendants."
Cortina's application for a supervisory writ was denied, an answer from all defendants was received by the morning of the trial without objection, and there was discussion by all parties before the judge concerning this last answer which had been received. In addition, Cortina participated in the proceedings on the day of trial without objection. Any objection Cortina had to the proceedings was waived. This assignment of error is without merit.

NO RIGHT OF ACTION
Cortina argues the trial judge erred in granting the peremptory exception raising the objection of no right of action filed by GSU-Cajun against Cortina. At trial GSU-Cajun had argued Cortina had no right of action to receive the statutory attorney's fees.
*1329 The exception of no right of action raises the issue of whether the plaintiff belongs to that particular class to which the law grants a remedy. Gustin v. Shows, 377 So.2d 1325 (La.App. 1st Cir. 1979). "The exception of no right of action does not question the plaintiff's ability to succeed in his allegations. Nor does it question the plaintiffs' actual damages. All the exception questions is whether or not the plaintiff is a member of the class to whom the law affords a remedy." Smith v. Livingston Parish Police Jury, 423 So.2d 5 (La.App. 1st Cir.1982).
The defendant is GSU-Cajun, the delinquent taxpayer. Cortina, the plaintiff, seeks statutory attorney's fees he alleges he earned representing the School Board in a suit to collect taxes due from this defendant.
The pertinent portions of the taxing ordinance provide:
SECTION 9.02 Failure to pay any tax due as provided in this ordinance, shall... cause said tax, interest, penalties, and costs to become immediately delinquent, and the West Feliciana Parish School Board is hereby vested with authority,... to take a rule on the said dealer, to show cause ... why said dealer should not be ordered to cease from further pursuit of business ... and in case said rule is made absolute, the order thereon rendered shall be considered a judgment in favor of the West Feliciana Parish School Board, ....
SECTION 9.03 If the amount of tax due by the dealer is not paid ... there shall be collected, ... interest ... and in addition ... there shall also be collected a penalty ... and in the event of suit, attorney's fees at the rate of ten per cent [sic] (10%) of the aggregate of tax, interest and penalty.
The attorney's fees are available in the event the School Board must file suit to collect the taxes due. These fees are provided for the attorney or attorneys representing the School Board. In the prior tax litigation, the original petition and other pleadings were signed by Leon Picou. In addition, there is a voluminous record, replete with correspondence and documentation, all identifying Leon Picou as the attorney representing the School Board. However, according to the transcript from the prior tax litigation, Leon Picou, when asked by the court for identification, stated: "Leon Picou, District Attorney, representing the West Feliciana Parish School Board of the State of Louisiana. Cynthia Picou and Joe Cortina associated as counsel of record on behalf of the school board."
It is clear from this statement, as well as later admissions in this litigation by both Leon and Cynthia Picou that Cortina was hired to assist in the prior tax litigation. In fact, a review of the record from the prior proceedings, along with the testimony given in the instant suit, clearly establish Leon and Cynthia Picou were the attorneys hired to represent the School Board. Cortina was not retained to represent the School Board but was hired, on an hourly basis, to assist in the tax litigation by the attorneys representing the School Board. It is in this capacity that Cortina performed legal services. Cortina had no contractual relationship with the School Board, and thus had no right of action against GSU-Cajun. Any claim that Cortina has for attorney fees must be against those who hired him. Therefore, the judgment sustaining GSU-Cajun's exception against Cortina and the dismissal of Cortina's petition is correct. This assignment of error is without merit.

NECESSITY OF HIRING SPECIAL COUNSEL
GSU-Cajun argues the trial court erred in finding a "real necessity" to hire special counsel to prosecute the tax litigation. When special counsel is hired, those adversely affected have the right to challenge and to have the court decide if a real necessity for employment actually exists. Board of Com'rs of Buras Levee Dist. v. Perez, 202 La. 655, 12 So.2d 670 (1943).
The controlling statute is found in La.R.S. 42:263, which provides, in pertinent part:

*1330 A. No parish governing authority, levee board except as provided in Subsection B hereof, parish school board, city school board, or other local or state board shall retain or employ any special attorney or counsel to represent it in any special matter or pay any compensation for any legal services whatever unless a real necessity exists, made to appear by a resolution thereof stating fully the reasons for the action and the compensation to be paid. The resolution then shall be subject to the approval of the attorney general and, if approved by him, shall be spread upon the minutes of the body and published in the official journal of the parish. [Emphasis added.]
According to the testimony given by Mr. William C. Lemoine, President of the School Board, a real necessity did exist. Mr. Lemoine specifically stated the School Board was aware GSU and Stone and Webster had ceased paying sales and use taxes, and to collect the taxes the School Board felt they were due, they "needed legal representation to represent us." Mr. Wendell H. Hall, Superintendent of Schools in West Feliciana Parish, also testified that after an audit by Mr. Wade Arabie, a local CPA, and the subsequent questioning of alleged delinquent taxes owed by GSU and Stone and Webster, that they both discussed and considered attorneys who specialized in taxes, and that the School Board would likely "need outside help." Indeed, the volume and technical aspects of the tax litigation are evident by the record. After a trial on the merits, Stone and Webster was found liable for sales and use taxes. After appeal, GSU-Cajun was held ultimately liable for the taxes plus interest and penalties in an amount exceeding $3.8 million.
It was clearly established by the testimony that the collection of delinquent taxes owed to the School Board created for the School Board, a real necessity to employ special counsel. This assignment of error is without merit.

HIRING DISTRICT ATTORNEY AS SPECIAL COUNSEL
Even if a real necessity did exist, GSU-Cajun argues that the District Attorney, who is statutorily obligated to represent the School Board, may not be hired as special counsel, relying on Schwegmann Bros. Giant Supermarkets, Inc. v. Mouton, 309 So.2d 686 (La.App. 4th Cir.1974), writ denied, 310 So.2d 845 (La.1975).
In Schwegmann, the court held the attorney seeking attorney's fees, who had performed substantially all of the legal services while he was an employee of the Department of Revenue and Taxation, was not "private counsel" but rather a regular, full-time employee of the Department. In that case, where the Department had used the services of its own regularly employed and compensated staff attorneys to collect delinquent taxes, no special counsel had been hired. Therefore, the statutory attorney's fees available for special counsel were not due from the taxpayer.
In the instant case, however, neither Leon or Cynthia Picou were regular, full-time employees of the School Board. As District Attorney, Leon Picou was obligated to serve as the regular attorney for the School Board. This obligation is imposed by statute, LSA-R.S. 42:261, and also by the terms of a contract entered into by Leon Picou and the School Board. These imposed upon Leon Picou the responsibility of representing the School Board in the capacity of regular attorney, i.e., attend board meetings, advise on contractual terms, or other routine legal services.
However, as the testimony established, Leon and Cynthia Picou were retained as special counsel for the prosecution of this technical and complex tax litigation. This required skill and effort beyond those required for the repetitious, routine legal services Leon Picou, as District Attorney, performed for the School Board. In addition, the specialized knowledge and experience of Cynthia Picou, from her tenure as law professor, provided the School Board with an additional reserve of competent, capable legal talent that was desired in the prior tax litigation. Because of the real necessity recognized by the School Board and the special qualities of the Picous, the School Board was within its authority to hire Leon *1331 and Cynthia Picou as special counsel for the then upcoming tax litigation. This assignment of error is without merit.

RETROACTIVE HIRING
GSU-Cajun also argues as error the retroactive hiring of the Picous as special counsel. La.R.S. 42:264 provides:
Any attorney who knowingly accepts employment and compensation from a parish governing authority, parish school board, levee board, city school board, other local board, or state board or commission, not previously approved by the attorney general, must immediately upon notification thereof return a like dollar amount of funds to the public body which paid such prohibited compensation. Notwithstanding such requirement, the Attorney General may approve the employment and payment of compensation retroactively where the failure to comply with this Section was inadvertent and was in good faith, in which case no return of the fee amount shall be required.
This statute clearly authorizes the retroactive approval by the Attorney General of the employment of special counsel by the School Board. In the instant case, the evidence and testimony establish the resolution required by La.R.S. 42:263 was adopted by the School Board on June 14, 1983. This resolution appeared, as required, in the St. Francisville Democrat, the official journal of the parish, on July 21, 1983. In addition, the retroactive approval was obtained from the Attorney General on June 29, 1983. All statutory requirements had been met. This assignment of error is without merit.

REDUCTION OF FEES
Both Cortina and the Picous argue that the reduction of attorney's fees by the trial judge from 10%, which is provided by the taxing ordinance, to a fee of $125,000.00 was error. GSU-Cajun also assigns as error the amount of $125,000.00, arguing this amount does not represent a reasonable amount for the services rendered.
It is well established that there is a prohibition against a lawyer collecting a clearly excessive fee. Leenerts Farms, Inc. v. Rogers, 421 So.2d 216 (La.1982). The supreme court in City of Baton Rouge v. Stauffer Chemical Company, 500 So.2d 397 (La.1987), recognized the authority of courts to inquire as to the reasonableness of attorney's fees, whether the fee is fixed by contract or statute. The taxing statute provided for a 10% fee. The record submitted reveals the entirety of the proceedings before the trial court in the instant suit dealt with the issue of attorney's fees. At the trial, no testimony was offered as to the value of the type of services performed; however, the trial judge had the benefit of the complete record from the prior tax litigation as well as the many briefs submitted. The complexity and volume of the services performed were evident.
Based on the record, we cannot say the trial court's determination that a fee of $125,000.00 was warranted is an abuse of discretion. The record as a whole, although absent evidence as to value of the services rendered, discloses the fee to be reasonable. See McNamara v. Stauffer Chemical Company, 506 So.2d 1252 (La. App. 1st Cir.), writs denied, 512 So.2d 454, 455 (La.1987). These assignments of error are without merit.

INTEREST
Both GSU-Cajun and the Picous allege error in the trial court's ruling on the day from which interest on the judgment should run. The original judgment awarded interest from September 3, 1986, the date the instant suit was filed by Cortina. An amended judgment was later signed awarding interest only from December 4, 1986, the date of intervention by the Picous. GSU-Cajun argues interest should only run from the date the judgment was rendered. The Picous argue interest should run from the date of the original demand in the prior tax litigation, September 11, 1981, as it was during the original suit the attorney's fees were earned.
*1332 It is well settled that judgments for attorney's fees bear interest from the date of judgment only. The supreme court, in Alexander v. Burroughs Corporation, 359 So.2d 607 (La.1978), held the amount of the attorney's fees due was not ascertainable until awarded by the court; therefore, interest shall run only from the date of judgment. In Economy Auto Salvage, Inc. v. Allstate Insurance Company, 499 So.2d 963 (La.App. 3d Cir.) writ denied, 501 So.2d 199 (La.1986), this holding was applied in a case where penalties and attorney's fees were awarded pursuant to statute. In that case, penalties, interest, and attorney's fees allowed by statute were imposed; however, since the amount of attorney's fees due was not ascertainable until awarded by the court, interest was properly accrued only from the date of judgment. Similarly, in the instant case, the actual amount of reasonable attorney's fees was only ascertainable after a trial, and interest accrued only from the date of judgment, January 22, 1990. Therefore, that portion of the district court judgment allowing interest on the attorney's fees in favor of Leon and Cynthia Picou to accrue from the date of intervention is amended to reflect that legal interest on the award of attorney's fees awarded to Leon and Cynthia Picou shall begin accruing on January 22, 1990, the date of the judgment.
Therefore, for the above and foregoing reasons, the judgment of the trial court is amended to award interest on the attorney fees from January 22, 1990, and in all other respects, the judgment is affirmed. Costs are assessed equally between Cortina and GSU-Cajun.
AMENDED AND AFFIRMED.