Dear Mr. Tolmas:
Your opinion request asked under what circumstances is it permissible for the State Racing Commission to hire outside legal counsel to advise the Commission, to represent it in legal proceedings and to prosecute violations of the Racing Commission's laws and rules. You also ask what procedures are required for the hiring of such outside counsel?
The statute relative to your question is found in the state's laws governing the Racing Commission, at LA R.S. 4:146A which states as follows:
Attorney for Commission, . . .
 A. The attorney general shall delegate one of his assistants to act as attorney for the commission, without additional salary, who shall counsel and advise the commission, shall represent it in all legal proceedings, and shall prosecute any violation of the provisions of this Part.
This statute serves as the beginning and may well be the end of our analysis for it is a specific legislative enactment covering the circumstances in question.
The statutory scheme for providing legal services to state boards and commissions, and certain other entities is partially contained in LA R.S. 42:261-263 and LA R.S. 16:2. The Louisiana State Racing Commission is a state commission with its business address in Orleans Parish and which is subject to suit only in the City of New Orleans, Parish of Orleans, LA R.S. 4:145.1. It is therefore domiciled in Orleans Parish. With regard to legal representation of state commissions, LA R.S. 42:261 provides in pertinent part:
 261. Attorney General to be counsel for boards and commissions
 A. Except as provided by Subsection C of this section or as otherwise provided by law, the attorney general for the parish of Orleans and the district attorneys of the several judicial districts other than the parish of Orleans, shall ex officio and without extra compensation; general or special, be the regular attorneys and counsel for . . . and every state board or commission domiciled therein, the members of which in whole or in part, are elected by the people or appointed by the governor except . . .
The Racing Commission is such a state commission. The Parish of Orleans is also excepted from the district attorney's duties in LA R.S. 16:2. There is no attorney general for the Parish of Orleans other than the attorney general for the state of Louisiana. Therefore, the attorney general referred to in La. R.S. 42:261 is the attorney general of Louisiana. It is clear that the attorney general is charged under LA R.S. 42:261 with the legal representation of the state Racing Commission. The legislature made this duty special to the attorney general in the commission's statutes, LA R.S. 4:146A, providing that one of "his assistants act as attorney for the commission; without additional salary, who shall counsel and advise the commission, shall represent it in all legal proceedings, and shall prosecute any violation . . ."
LA R.S. 42:261 D(1) further provides in pertinent part as follows:
 D. (1) Except as otherwise permitted by this Section it shall be unlawful for any parish governing authority or state board or commission to retain or employ for any compensation whatever any attorney or counsel to represent it generally, or except as provided in LA R.S. 42:263, to retain or employ any special attorney or counsel for any compensation whatever to represent it in any special matter, or pay any compensation for any legal services whatever, provided that the board of commissioners of the port of New Orleans shall select its own attorney.
The Racing Commission is not exempted by LA R.S. 42:261, therefore D(1) makes it unlawful for the commission to retain or employ for compensation any attorney, except as provided in LA R.S. 42:263. The special attorneys referred to in LA R.S.42:261 are dealt with in LA R.S. 42:262 which reads as follows:
262. Special attorneys
 In the event it should be necessary to protect the public interest, for any state board or commission to retain or employ any special attorney or counsel to represent it in any special matter for which services any compensation is to be paid by it, the board or commission may retain or employ such special attorney or counsel solely on written approval of the governor and the Attorney General and pay only such compensation as the governor and the Attorney General may designate in the written approval. The approval shall be given in their discretion upon the application of the board or commission by a resolution thereof setting forth fully the reasons for the proposed retention or employment of the special attorney or counsel and the amount of the proposed compensation.
 The governor and Attorney General shall not ratify or approve any action of a board in employing any special attorney or counsel or paying any compensation for special service rendered, unless all the formalities as provided by this Part as to resolutions and the like, have been complied with.
LA R.S. 42:262 allows the state board or commission to employ special counsel to represent it in any special matter when it is necessary to protect the public interest upon the written approval of the Governor and the attorney general with the compensation to be paid to be indicated by the Governor and the attorney general in the written approval. The resolution procedure referred to in LA R.S. 42:262 is set forth in LA R.S.42:263(A) which reads as follows:
263 A. Resolution requesting special counsel
 A. No parish governing authority, levee board except as provided in Subsection B hereof, parish school board, city school board, or other local or state board shall retain or employ any special attorney or counsel to represent it in any special matter or pay any compensation for any legal services whatever unless a real necessity exists, made to appear by a resolution thereof stating fully the reasons for the action and the compensation to be paid. The resolution then shall be subject to the approval of the attorney general and, if approved by him, shall be spread upon the minutes of the body and published in the official journal of the parish.
As stated in the reporter's notes under LA R.S. 42:263, that statute has somewhat different coverage than LA R.S. 262, eg. 262 mentions state board or commissions, 263 mentions state board; furthermore, 263 requires only the attorney general's approval while LA R.S. 262 requires that both the attorney general and governor approve. LA R.S. 42:263 is by far the most recent expression of legislative will, being enacted in 1940 and amended in 1979 and 1982 while LA R.S. 42:262 was enacted in 1912. In any event, the principles expressed in both statutes, and the procedures set forth therein apply to the state Racing Commission.
The legislature has made doubly clear in LA R.S. 42:261 and R.S.4:146(A) that the attorney general and the attorney general through his assistants shall represent the state Racing Commission. The only remaining question is whether the special counsel for special matters exception contained in LA R.S.42:261, 262, and 263 provides an exception allowing the Racing Commission to hire such attorneys in addition to its regular representation in all matters provided for in R.S. 42:261 and R.S. 4:146(A).
In our opinion, LA R.S. 42:262 and 263 provide an exception to that general representation in circumstances where there is a "real necessity" to hire and retain counsel with special expertise for special matters and in other matters where there is a conflict of interest or positions, see Board of Commissioners v. Perez, 12 So.2d 670.
In light of the above, it is the opinion of this office that the Louisiana State Racing Commission is required to utilize the office of the Attorney General to represent it in legal proceedings, advise the Commission, and to prosecute violations of the racing statutes and rules but is allowed under LA R.S.42:262 and 263 to hire special counsel for special matters if there is a real necessity, subject to the resolution and approval procedures contained in R.S. 42:263.
Trusting the above answers your question. We remain,
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: JAMES M. ROSS Assistant Attorney General
JMR/vls-0785q