CIACCIO, Judge.
We grant a writ to review the correctness of the ruling of the trial court overruling relators’ exception of prescription.
Attorney Gerald Leydecker sued his former client, Junius Johnson, Johnson’s subsequent counsel, and the settling insurance company, for a portion of the personal injury settlement funds, which were disbursed without consideration of plaintiffs prior employment contract. During the several months that Leydecker was Johnson’s attorney, Johnson received advances which totalled $2,400.00 through H.H.F., Inc., with each promissory note showing the assignment of the personal injury claim as security. H.H.F., Inc. joined Leydecker as a plaintiff against Johnson and the other defendants. The relators, Bailey and Leininger, individually, and the firm of Bailey & Leininger, filed an exception of prescription, maintaining that the cause of action against them was in conversion only, as they were not party to the contract between Leydecker and Johnson. They further maintained that, because over one year elapsed from the time of the disbursement to the filing of the lawsuit, the cause of action against them has prescribed. The trial court, after hearing, denied the exception by written judgment dated August 25,1993. The relators here seek supervisory review of that ruling.
On January 3, 1986, Leydecker was retained by defendant Johnson to represent Johnson’s interests in a claim for personal injuries from an automobile accident which occurred that date. Leydecker maintains that, on or about January 8, 1987, he was dismissed without cause. Mr. Johnson then retained defendants Curtis Coney, Jr., Robert G. Harvey, Sr., and the partnership of Bailey and Leininger to handle his claim. On January 13, 1987, plaintiff filed his contract of employment with the custodian of notarial records for Orleans Parish. That contract included the language, “No party to this agreement shall have the right to release, settle, transact, compromise or discontinue a demand, claim, suit, or action commenced pursuant to this agreement, without the written consent of each party hereto.” (Emphasis added).
La.R.S. 37:218 permits an attorney to acquire as his fee an interest in the subject matter of a client’s claim and protects that interest in the event the client settles or compromises the cause of action. The Louisiana Supreme Court has interpreted § 37:218 as creating no more than a privilege to aid the attorney’s collection of a fully *806 earned fee out of the fund yielded by satisfaction of the client’s claim. Saucier v. Hayes Dairy Prods., Inc., 373 So.2d 102, 117 (La.1979) (on reh’g).
According to Leydecker, on or about June 7, 1988, Coney and Harvey received a settlement cheek in the amount of $300,-000.00 in settlement of Johnson’s case, of which $100,000.00 was attorney’s fees. Of that fee, $50,000.00 was paid to the partnership of Bailey and Leininger on or about June 29, 1988. Leydecker filed suit on July 31, 1989.
The relators cite Murray, Murray, Ellis, et al v. Minge, 516 So.2d 213 (La.App. 4th Cir.1987), writ denied, 516 So.2d 369 (La.1988), to support their cause. In that case the plaintiff was retained to represent Oscar Cuellar, who was injured in an automobile accident. Cuellar terminated his contract with the plaintiff, his case was subsequently settled by the defendant, and the settlement funds were disbursed allegedly without plaintiffs knowledge. This court there cited the federal case, Fontana v. Barham, 707 F.2d 221, 226 (5th Cir.1983), which held that “an attorney has a cause of action for fees based on the employment contract with his client as well as a cause of action in conversion against anyone who unlawfully appropriates those fees.” The relators maintain that the cause of action against them, like the cause of action in Murray is for conversion. However, the Murray case did not deal with the prescription issue. Rather, it dealt with the issue of res judicata as to Cuellar’s suit in federal court and with the failure of the plaintiff to join Cuellar as an alleged indispensable party.
The Murray case held that Murray had a cause of action against Minge for the apportionment of legal fees as set forth in Murray’s contingent fee contract with Cuellar. To the extent that the opinion cited the conversion language in Fontana v. Barham, supra, it was dicta insofar as it relates to the apportionment of the single contingent fee between the original and successor attorneys.
In Saucier v. Hayes Dairy Prods., Inc., supra, the Supreme Court held that the contingent fee was to be apportioned between the discharged and successor attorney according to the respective services and contributions of the attorneys for work performed and other relevant factors. The right of the client to discharge his original counsel without cause and to employ new counsel was recognized despite any language in the contingent fee contract to the contrary.
Accordingly, the new counsel is not an interloper who unlawfully converts the entire fee to himself. To the extent that the new attorney collects the entire fee he owes an accounting and payment to the original attorney for that portion of the fee to which he is entitled under the Saucier guidelines. This claim is in contract, not in tort, and is governed by the prescription of 10 years. LSA-C.C. art. 3499.
Accordingly, the exception of prescription was properly overruled.

WRIT GRANTED; RELIEF DENIED.

ARMSTRONG, J., concurs.