liSULLIVAN, Judge.
Plaintiff, Wm. Henry Sanders, appeals the trial court’s judgment sustaining defendant’s peremptory exception of prescription.
On January 7, 1988, Jimmy Thornhill retained attorney, Edward A. Kaplan, to represent him in a personal injury suit. On January 21, 1988, Kaplan, acting with the approval of Thornhill, referred the claim to attorney, Wm. Henry Sanders. On May 25, 1988, Thornhill discharged Sanders and Kaplan and retained attorney, Darrel D. Ryland, to pursue his claim.
|2During Sanders’ term of representation of Thornhill, Sanders paid some of Thorn-hill’s medical expenses and advanced some funds to Thornhill personally to cover travel costs associated with the medical treatment. These expenses totaled the sum of $1,762.14.
On June 3, 1988, Ryland, in a letter to Sanders, informed him that “... we will proceed to handle this claim and you may be assured that we will [sic] whatever we can to protect your ‘out of pocket’ expenses”.
Unbeknownst to Sanders, Thornhill settled his personal injury claim on June 8, 1990. Sanders’ expenses were not paid out of the settlement proceeds nor was any portion of the attorney’s fee received by Ryland distributed to Sanders. Sanders subsequently filed suit against Ryland on May 18, 1994 seeking recovery of a share of the attorney’s fees and the expenses outlined above. Ryland excepted to the suit on the basis of prescription. The trial court sustained Ryland’s exception of prescription and dismissed Sanders’ suit. This appeal followed.
On appeal, Sanders argues that the trial court erred in determining that his action was governed by the three year prescriptive period provided for in Article 3494 of the Civil Code.
Relying on the case of Leydecker v. Leininger, 93-2320 (La.App. 4-Cir. 2/25/94); 633 So.2d 804, writ denied, 94-760 (La. 5/6/94); 637 So.2d 1053, Sanders contends that the appropriate prescriptive period for the institution of his suit is ten years. In Leydecker, the Fourth Circuit held that “... [t]o the extent that the new attorney collects the entire fee he owes an accounting and payment to the original attorney for that portion of the fee to which he is ^entitled under the Saucier guidelines. This claim is in contract, not in tort, and is governed by the prescription of 10 years”.
We respectfully disagree with the Leydecker holding and instead look to the case of Gamm, Greenberg & Kaplan v. Butts, 508 So.2d 633 (La.App. 2nd Cir.1987) as persuasive authority for the resolution of this issue. In Gamm, the Court determined that the applicable time limitation for institution of a suit by a discharged attorney for recovery of his share of attorney’s fees is the three year prescriptive .period found in Article 3494.
Finding this matter to be governed by the three year prescriptive period, we next consider the date on which prescription began to run. We conclude that the three year prescriptive period ran from the date Thornhill’s settlement was reached, i.e. June 8,1990. See, Garden Hill Land Corporation v. Cambre, 354 So.2d 1064 (La.App. 4th Cir. 1978), writ denied, 356 So.2d 439 (La.1979). Hence, Sanders’ suit was not timely filed.
For these reasons, we find that the trial court was correct in granting Ryland’s exception of prescription. Accordingly, the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.
THIBODEAUX, J., dissents with reasons.