692 So.2d 728 (1997)
JAMES MINGE & ASSOCIATES
v.
HANOVER INSURANCE COMPANY.
No. 96-C-2308.
Court of Appeal of Louisiana, Fourth Circuit.
April 2, 1997.
*729 Sidney J. Angelle, Diana L. Tonagel, Lobman, Carnahan and Batt, Metairie, for Relator.
Daniel B. Snellings, James Minge, James Minge & Associates, New Orleans, for Respondent.
Before BYRNES, LOBRANO and PLOTKIN, JJ.
BYRNES, Judge.
Patrick Church was driving an automobile in North Carolina on November 26, 1991 which was involved in an accident with a vehicle driven by Tami Marie Rose, a North Carolina resident. Rose's vehicle was insured by the relator, Hanover Insurance Company (Hanover). Church sued Rose in North Carolina. The complaint was filed by Michael Burton, a North Carolina attorney, in North Carolina. The record before this Court contains a copy of a contingency fee contract between Church and the respondent, James Minge & Associates (Minge) dated June 17, 1993. The contract shows on its face that it was executed in Orleans Parish. Minge does not contend otherwise. On September 27, 1994, Church wrote to Minge and Burton, discharging both attorneys.
Church apparently retained another North Carolina attorney, John Iorio. On December 13, 1994, Iorio terminated his representation of Church. On January 12, 1995, Minge recorded his contact with Church in the Parish of Orleans. In April 1995, Church substituted his prior counsel of record, Burton, with North Carolina attorney G. Wayne Abernathy. None of the attorneys filed interventions in the North Carolina proceedings to enforce any lien or privilege. On September 19, 1995, Church and his attorney at the time, Abernathy, settled Church's claim against Rose and Hanover. The judgment rendered pursuant to the settlement specifically awarded $23,200.25 to Wishart, Norris, Henninger & Pittman P.A. as attorneys for Church [1] and recognized that there were no recorded liens against any of the proceeds. No fees were provided for any other attorneys.
Respondent, Minge, filed suit on his contingency fee contract in the Civil District Court for the Parish of Orleans against his former client Church and the relator, Hanover. Hanover filed exceptions of improper venue, no cause of action, failure to join an indispensable party, prescription, and res judicata. The trial court ruled against Hanover *730 on all of these exceptions except that of res judicata which it did not rule on. Hanover has applied to this Court for writs on all exceptions except that of res judicata.

PRESCRIPTION:
Relator argues that the one year liberative prescription period applicable to delictual claims applies to this action, and that prescription began to run in October 1994 when respondent wrote the relator and acknowledged that the alleged privilege for costs and fees would not be honored in the North Carolina litigation.
In Leydecker v. Leininger, 93-2320 (La. App. 4 Cir. 2/25/94); 633 So.2d 804, 806 this Court found that:
The right of the client to discharge his original counsel was recognized despite any language in the contingent fee contract to the contrary.
Accordingly, the new counsel is not an interloper who unlawfully converts [emphasis original] the entire fee to himself. To the extent that the new attorney collects the entire fee he owes an accounting and payment to the original attorney for that portion of the fee to which he is entitled under the Saucier [v. Hayes Dairy Prods., Inc., 373 So.2d 102, 117 (La. 1979) guidelines. This claim is in contract, not in tort, and is governed by the prescription of 10 years. [Emphasis added.]
The significance of Leydecker is that it held that the right of the original attorney to his fee was contractual in nature vis a vis the successor attorney although there was no consensual contractual relationship between the original attorney and the successor attorney. Following the reasoning in Leydecker we find no merit in relator's argument that the respondents' claim prescribed one year from October, 1994 when Minge allegedly acknowledged that his claim would not be honored in the North Carolina litigation. Under Leydecker the claim is contractual in nature, subject to the ten year prescriptive period in spite of the fact that there is no direct contractual relationship between relator and respondent in this matter.

NON-JOINDER OF AN INDISPENSABLE PARTY:
Hanover filed an exception of non-joinder of an indispensable party[2] because Minge did not join Church's successor attorney, Abernathy.
Minge contends that Hanover is solidarily liable with the successor attorney, Abernathy, for his fee. Minge argues that pursuant to LSA-C.C.P. art. 643, Hanover may be sued without the necessity of joining Abernathy, and that Abernathy is therefore not an indispensable party.
In Saucier v. Hayes Dairy Products, Inc., 373 So.2d 102 (La. 1979) the Supreme Court reversed and remanded a judgment of this court which held for plaintiff's initial attorney based on the contingent fee contract that existed between plaintiff and that initial attorney. The judgment of this Court, Saucier v. Hayes Dairy Products, Inc., 353 So.2d 732 (La.App. 4 Cir.1977) which was reversed by the Supreme Court held the plaintiff and the original defendant and its insured liable for the full amount of the fee. The successor attorney was not part of the proceedings before this Court when it decided Saucier. The Supreme Court reversed and remanded finding that the first attorney was entitled not to his full contract percentage, but only to the amount he could show that he had earned, and that it was necessary to join the second attorney as an indispensable party because the fee had to be allocated between the two attorneys. In other words, unless Abernathy is a party to these proceedings there is a substantial risk that the attorney fees of both Minge and Abernathy when aggregated will be excessive. LSA-C.C.P. art. 641(2)(b). Following the dictates of Saucier we find that Church's successor attorney, Abernathy, who negotiated the settlement on his behalf is a party necessary for a just adjudication of these proceedings.
*731 Therefore, it was error for the trial court to deny Hanover's exception of failure to join an indispensable party. There is no implication in the Supreme Court's reversal of this Court's judgment in Saucier that it found any fault in this Court's decision to hold the original defendant and its insurer liable for the fee. The Supreme Court's criticism of this court's opinion was limited to the method of calculating the fee and the necessity of joining the successor attorney.

EXCEPTION OF NO CAUSE OF ACTION
Hanover contends that the trial court's denial of its exception of no cause of action was error. Hanover asserts that Minge's failure to record the contingent fee contract in the county of North Carolina where the litigation was pending as required by LSA-R.S. 37:218 is fatal to Minge's claim against Hanover, i.e., Minge has no cause of action against Hanover. However, Minge alleges that he filed his contract in the Parish of Orleans, his client's domicile. LSA-R.S. 37:218 permits such a filing as an alternative to filing in the parish or county where the litigation is pending. For purposes of Hanover's exception of no cause of action we must treat Minge's well pleaded allegation that he filed the contract in the parish of his client's domicile as true. Therefore, there is no merit to Hanover's exception of no cause of action based on this argument.
Hanover argues that Minge's claim is good, if at all, only against Minge's former client, Church, and Church's successor attorney, citing Cortina v. Gulf States Utilities-Cajun Elec. Power Co-op., Inc., 594 So.2d 1326 (La.App. 4 Cir.1991). However, Cortina has no bearing on the instant case as it did not involve a claim arising under LSA-R.S. 37:218. Where the LSA-R.S. 37:218 claim has been properly recorded, as was allegedly done in the instant case it is also enforceable against the opposing party. Hawthorne v. National Union Fire Ins., 562 So.2d 473, 475 (La.App. 3 Cir.1990). See also Saucier v. Hayes Dairy Products, Inc., 373 So.2d 102, 117 (La.1979). We would extend this to include the insurer of the opposing party who participates in the settlement. Therefore, we find no merit in Hanover's exception of no cause of action based on this argument.
Hanover also contends that North Carolina law does not recognize Minge's claim and that this court should apply the law of North Carolina. Minge contends that he is suing on a contract entered into in Louisiana for work done in Louisiana for a client who was domiciled in and resided in the Parish of Orleans Louisiana at the time. Apparently the trial court assumed these facts to be the case and Hanover has supplied this Court with nothing in its opposition disproving such facts. Annexed to Hanover's application for writs are Church's answers to interrogatories in the North Carolina proceedings in which Church states that his residence is in Virginia. There is also a copy of a letter addressed to him in Virginia. However, the fact that Church may have a residence in Virginia does not mean that he was not domiciled in Louisiana. A party may have multiple residences outside of his domicile. Additionally, our review of the transcript of the hearing on Hanover's exceptions leads us to conclude that neither Church's answers to interrogatories nor the letter addressed to him in Virginia were ever properly introduced into evidence below. The transcript shows that Hanover introduced four exhibits only, designated as exhibits "A" through "D." Those exhibits included neither Church's answers to interrogatories nor the letter addressed to Church. Prior to introducing exhibits "A" through "D" Hanover made reference to Church's answers but failed to introduce them into evidence. Therefore, the evidence upon which Hanover relies in connection with its contention that Church was not domiciled in Orleans Parish is not properly before this Court. We find nothing in the record that would indicate that Patrick Church disputes Minge's allegations about his domicile, and Hanover does not contend that Church would do so. The record does not support Hanover's position on the question of Church's domicile.
Therefore, based on the record before us, we find that Minge's contingent fee contract is a Louisiana contract, entered into in Louisiana between Louisiana domiciliaries. The *732 quality and quantity of these contacts is such that Louisiana's policies would be most seriously impaired if Louisiana law were not applied. LSA-C.C. art. 3537. Based on the same factors the relationship of Louisiana to the parties is such that Louisiana's policies would be most seriously impaired if Louisiana law were not applied. LSA-C.C. art. 3515. Moreover, the inherent Louisiana nature of Minge's contract is such that parties could justifiably expect the application of Louisiana law. LSA-C.C. art. 3515.
Therefore, based on the record as presented to us we find no error in the trial court's decision to apply Louisiana law. Consequently, we find no merit in Hanover's exception of no cause of action based on its conflict of laws argument.
Included in Minge's claim against Hanover is a claim for advances made to Church in the form of loans. Hanover contends that Minge has no cause of action against Hanover for such advances. LSA-R.S. 37:218 B states that the statutory lien for attorney fees includes "any and all other amounts advanced [emphasis added] by the attorney to or on behalf of the client, as permitted by the Rules of Professional Conduct of the Louisiana State Bar Association." Whether the funds allegedly advanced by Minge to Church are "permitted by the Rules of Professional Conduct of the Louisiana State Bar Association" can not be determined without developing more facts about the nature of the advances. Such facts cannot be developed on an exception of no cause of action. Therefore, we find no merit in Hanover's exception of cause of action directed to Minge's claim to recover advances.
Finally, Hanover urged an exception of no cause of action against Minge's claim for attorney fees incurred in these proceedings in his pursuit of attorney fees under his contingent fee contract. Although we have held pursuant to Leydecker that Minge's claim against third parties will be treated as contractual in nature despite the fact that those third parties were not parties to the original contract, the only justification for such a legal anomaly is that it is necessary to do so in order to effectuate the purposes of LSA-R.S. 37:218. Attorney fees are not recoverable unless specifically provided by statute or contract. LSA-R.S. 37:218 does not provide for attorney fees in pursuit of a remedy thereunder. Therefore, we infer that the legislature in enacting LSA-R.S. 37:218 did not consider attorney fees necessary for the effectuation of the purposes of the statute. Just as the jurisprudence has limited the original attorney to a quantum meruit recovery under 37:218 regardless of the fact that his contract may call for a fixed percentage of recovery, we find that where the rights of third parties not party to the contract with the original attorney may be affected, recovery should be limited to what is necessary to effectuate the purposes of the statute regardless of what self-serving provisions aiding recovery the attorney may have included in the contract. Following this reasoning we find that Minge has no cause of action against Hanover for attorney fees in these proceedings.

IMPROPER VENUE:
The trial court rejected Hanover's exception of improper venue. Minge argues that venue is proper in Orleans Parish because that is where his contract with Church was executed. LSA-C.C.P. art. 76.1. Hanover does not dispute the fact that the contingent fee contract between Minge and Church was executed in Orleans Parish. Hanover counters that Minge's claim against Hanover is not contractual in nature as Hanover was not a party to the contingent fee contract between Church and Minge. However, this Court in Leydecker, supra, has already ruled that the claim of the original attorney shall be treated as contractual in nature. In Leydecker the claim was brought against the successor attorney who was not a party to the original contract. The same reasoning should apply to the settling insurer of the opposing party who, as we have already stated, is required to respect the lien of the original attorney.
Hanover also contends that LSA-C.C.P. art. 76.1 creates an exception to the general rule of venue and as such should be strictly construed in favor of the general rule of venue, citing Hawthorne Oil & Gas Corp. *733 v. Continental Oil Co., 377 So.2d 285 (La. 1979). At one time that was the rule, but that is no longer the case. The Supreme Court rejected Hawthorne by name in Jordan v. Central Louisiana Elec. Co., Inc., 95-1270 (La.6/23/95); 656 So.2d 988, 989, declaring that Code of Civ.Pro. articles 71 through 85 are "no longer exceptions to Article 42's `home base' venue that should be strictly construed."
Hanover contends that its exception of venue is jurisdictional in nature. However, in its writ application Hanover states that although it is a foreign corporation, its "principal place of business in the State of Louisiana is in Jefferson Parish." Hanover does not dispute Minge's allegation that Hanover is licensed to do and is doing business in Louisiana. Based on the limited record before us we find no jurisdictional defect in these proceedings.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
NOTES
[1] Abernathy signed the judgment as Church's attorney. We, therefore, infer that Abernathy was a member of the Wishart firm.
[2] We note that Acts No. 662 of 1995 did away with the terms "necessary" and "indispensable" parties, substituting the concept of "joinder of parties needed for a just adjudication." LSA.C.C.P. art. 641. However, for reasons discussed hereinafter we find that the joinder of Abernathy is still required as a party needed for a just adjudication and that the rationale of Saucier still applies.