Dear Mr. Berthelot:
On behalf of the Evangeline Parish Solid Waste Commission (the "Commission"), you requested the opinion of this office concerning the retention of special counsel by the Commission. You advised that the Evangeline Parish District Attorney (the "District Attorney") is the legal advisor to the Commission as well as to the Evangeline Parish Police Jury (the "Police Jury"). In the past there was a dispute between the Police Jury and the Commission which was resolved. The question posed is, if another dispute arises between the Police Jury and the Commission or if a conflict of interest arises between the District Attorney's Office and the Commission, would there be sufficient cause to retain special counsel to represent the Commission under the provisions of R.S. 42:263?
R.S. 16:2 establishes the duty and the authority of the district attorney to represent state and parochial governmental entities:
 A. The district attorneys of the several judicial districts of Louisiana, other than the parish of Orleans, shall ex officio be the regular attorneys and counsel for the police juries, parish school boards, and city school boards within their respective districts and of every state board or commission domiciled therein, including levee boards, hospital and asylum boards, education boards, and all state boards or commissions the members of which, in whole or in part, are elected by the people or appointed by the governor or other prescribed authority, except state boards and commissions domiciled at the city of Baton Rouge, parish of East Baton Rouge, and all boards in charge or in control of state institutions. (Emphasis added)
See also R.S. 42:261(A) as amended by Act 384 of the 1999 Regular Session of the Louisiana Legislature.
Because the district attorney is the regular counsel for the police jury, his duty and authority for legal representation extends also to creatures of the police jury, such as sewer districts and water districts. Subject to the provisions of R.S.42:263, it is unlawful for any governmental entity subject to the ex officio legal representation of the district attorney to retain or employ private counsel. R.S. 42:261(D)(1). Op.Atty.Gen. Nos. 90-593, 90-150, 92-738. R.S. 42:263 provides in pertinent part as follows:
 A. No parish governing authority, levee board except as provided in Subsection B hereof, parish school board, city school board, or other local or state board shall retain or employ any special attorney or counsel to represent it in any special matter or pay any compensation for any legal services whatever unless a real necessity exists, made to appear by a resolution thereof stating fully the reasons for the action and the compensation to be paid. The resolution then shall be subject to the approval of the attorney general and, if approved by him, shall be spread upon the minutes of the body and published in the official journal of the parish. (Emphasis added)
Whether a "real necessity" exists for the retention of special counsel depends upon the specific facts and circumstances involved and this office will not speculate as to whether a potential conflict of interest by the District Attorney constitutes a "real necessity".
It should be noted that even if the Commission adopts a resolution to retain special counsel and the Attorney General approves the resolution, those adversely affected by the retention of special counsel have the right to challenge and to have the court decide if a real necessity for employment actually exists. Board ofCommissioners of Buras Levee District v. Perez, 202 La. 655,12 So.2d 670 (1943); Cortina v. Gulf States Utilities-Cajun ElectricPower Cooperative, Inc., et al., 594 So.2d 1326 (La.App. 1st Cir. 1992).
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: MARTHA S. HESS
Assistant Attorney General
RPI/MSH