PER CURIAM.
|! Connie Daniel Cole seeks review of a judgment of the court of appeal affirming an award of attorney’s fees to his former counsel. For the reasons that follow, we reverse the judgment of the court of appeal.
FACTS AND PROCEDURAL HISTORY
Connie Daniel Cole retained attorney Bobby Culpepper of the law firm of Cul-pepper & Carroll, PLLC to represent him in a contest of his mother’s will. Mr. Cole requested that the firm handle the matter *1226 on a one-third contingent fee basis, and Mr. Culpepper agreed to do so. On September 20, 2000, Mr. Culpepper sent Mr. Cole a letter in which he confirmed that he would accept the representation on a contingent fee basis of one-third “of whatever additional property or money we can get for you.”
After negotiation between Mr. Culpep-per and counsel for the estate of Mr. Cole’s mother, Mr. Cole was offered property worth $21,600.03 over and above what he would have received under the terms of the decedent’s will. Mr. Culpepper thought the compromise was reasonable and recommended to Mr. Cole that he accept lathe offer. However, Mr. Cole refused to settle his claim for that amount, believing he was entitled to a larger share of his mother’s succession as a forced heir. When Mr. Culpepper refused to file suit in the matter, Mr. Cole terminated his representation. Mr. Cole then proceeded in proper person to challenge his mother’s will, but he was unsuccessful and recovered nothing.[1]
On April 12, 2004, Mr. Culpepper filed a “Petition on Open Account” on behalf of the Culpepper law firm. The suit was filed in Ruston City Court against Mr. Cole, seeking the sum of $6,950.01,[2] plus legal interest, together with 25% on the principal and interest as additional attorney’s fees. Attached to the petition were Mr. Culpepper’s invoice for attorney’s fees and a demand letter to Mr. Cole seeking the payment of “the entire balance of $6,950.01 that you owe Culpepper & Carroll, PLLC.”
Mr. Cole, appearing in proper person, answered the law firm’s petition and denied that he owed any money. Mr. Cole explained in his answer that “Mr. Culpep-per did this on a contingency fee basis,” that Mr.. Culpepper “quit the case,” and that Mr. Cole paid court costs but Mr. Culpepper “would not go to court.”
Following a trial on the merits, at which both parties testified, the city court rendered judgment in favor of the law firm, awarding the sum of $6,950.01, plus legal interest from the date of judicial demand until paid, together with 25% on the principal and interest as additional attorney’s fees, and costs. In oral reasons for judgment, the city court judge stated that a “contingency fee was present” based on the record, including the testimony in open court and the written admission in Mr. LCole’s answer that there was a contingent fee arrangement. The court noted that “work was accomplished” by Mr. Culpep-per and further noted that, according to the testimony, the settlement would have produced a better result than if the case had gone to trial on the issue of forced heirship. Thus, the court was satisfied that the law firm met its burden of proof.
Mr. Cole appealed the city court’s judgment, and in a 2-1 ruling, the court of appeal amended the judgment and affirmed. Culpepper & Carroll, PLLC v. Cole, 39,438 (La.App. 2nd Cir.3/9/05), 896 So.2d 341. The majority agreed that a valid contingent fee contract existed between Mr. Cole and Mr. Culpepper, and found that by refusing to sign the “favorable settlement” negotiated by Mr. Cul-pepper before he was discharged, Mr. Cole was in effect depriving Mr. Culpepper of the contingent fee he had already earned. Accordingly, the court of appeal affirmed *1227 the award to Mr. Culpepper of $6,950.01 in attorney’s fees, plus legal interest. However, the court of appeal found that the money owing in this case does not derive from an open account, but rather from a contractual obligation in the form of a contingent fee agreement. Based on this reasoning, the court of appeal amended the trial court’s judgment to delete the award to the law firm of 25% additional attorney’s fees plus costs under the open account statute.
Judge Caraway dissented. He recognized that a contingent fee contract existed in this case, but found that because there was ultimately no recovery in the case, no fee was due to Mr. Culpepper. Judge Caraway further observed that to allow an attorney to collect a fee when the client rejects a settlement offer and later recovers nothing “ignores multiple and serious concerns embodied in the rules of professional conduct.”
|4Upon Mr. Cole’s application, we granted certiorari to review the correctness of the court of appeal’s ruling. Culpepper & Carroll, PLLC v. Cole, 05-1136 (La.6/24/05), 904 So.2d 746.
DISCUSSION
As a threshold matter, we note the trial court made a finding of fact that a contingent fee contract existed between Mr. Cole and Mr. Culpepper. Based on our review of the record, we find no manifest error in this determination.
Having found a contingent fee contract exists, we now turn to the question of whether Mr. Culpepper is entitled to recover any attorney’s fees under this contract. Pursuant to the parties’ agreement, Mr. Culpepper is entitled to one-third “of whatever additional property or money” he obtained on behalf of Mr. Cole. It is undisputed that Mr. Cole recovered no additional property or money as a result of the litigation against his mother’s estate. Because Mr. Cole obtained no recovery, it follows that Mr. Culpepper is not entitled to any contingent fee.[3]
Nonetheless, Mr. Culpepper urges us to find that his contingency should attach to the settlement offer he obtained on behalf of his client, even though his client refused to accept that offer. According to Mr. Culpepper, he did the work for which Mr. Cole retained him, and he is therefore entitled to one-third of the amount offered in settlement, notwithstanding Mr. Cole’s rejection of the settlement offer.
With the benefit of hindsight, it would have been in Mr. Cole’s best interest to accept the settlement offer obtained by Mr. Culpepper. However, it is clear that the decision to accept a settlement belongs to the client alone. See Rule 1.2(a) of the Rules of Professional Conduct (“A lawyer shall abide by a client’s decision whether |Kto settle a matter.”). Therefore, regardless of the wisdom of Mr. Cole’s decision, his refusal to accept the settlement was binding on Mr. Culpepper.
To allow Mr. Culpepper to recover a contingent fee under these circumstances would penalize Mr. Cole for exercising his right to reject the settlement. We find no statutory or jurisprudential support for such a proposition. Indeed, this court has rejected any interpretation of the Rules of Professional Conduct which would place restrictions on the client’s fundamental right to control the case. See, e.g., Saucier v. Hayes Dairy Prods., Inc., 373 So.2d 102 (La.1979) (on rehearing) (“But the Disciplinary Rule implicitly recognizing the client’s absolute right to discharge his at *1228 torney is stripped of effect if the client’s exercise of that right is conditioned upon his payment of the full amount specified in the contract.”).
In summary, we find that Mr. Cul-pepper did not obtain any recovery on behalf of Mr. Cole. In the absence of a recovery, it follows that Mr. Culpepper cannot collect a contingent fee for his services.[4] Accordingly, we must reverse the judgment of the court of appeal awarding a contingent fee to Mr. Culpepper.
DECREE
For the reasons assigned, the judgment of the court of appeal is hereby reversed. All costs in this court are assessed against plaintiff.

. See Succession of Brown, 39,035 (La.App. 2nd Cir. 10/27/04), 886 So.2d 633, writ denied, 05-0030 (La.3/18/05), 896 So.2d 1006.

. This sum represents one-third of the $21,600.03 in property Mr. Cole would have received had he accepted Mr. Culpepper's settlement recommendation, less a credit of $250 for costs paid by Mr. Cole in advance.

. As Judge Caraway aptly observed, "One-third times zero equals no contingency fee.” His mathematic acumen is impeccable in this instance.

. As an alternative to his claims under the contingent fee contract, Mr. Culpepper also seeks attorney's fees under the theory of quantum meruit. Because there was no recovery by the client, it follows there is no basis for quantum meruit recovery. See generally O’Rourke v. Cairns, 95-3054 (La. 11/25/96), 683 So.2d 697; Saucier v. Hayes Dairy Prods., Inc., 373 So.2d 102 (La. 1979) (on rehearing).