992 So.2d 1044 (2008)
Jan JUMONVILLE
v.
Susan R. White, Wife of/and Victor WHITE.
No. 2007 CW 2589.
Court of Appeal of Louisiana, First Circuit.
May 8, 2008.
*1045 Juan A. Byrd, Luling, Louisiana, for Defendants-Relators, Susan and Victor White.
Jan P. Jumonville, Covington, Louisiana, Plaintiff-Respondent, Appearing in Proper Person.
Before: GAIDRY, McDONALD, and McCLENDON, JJ.
PER CURIAM.
At issue in the instant action initiated by an attorney against her former clients for unilaterally settling their claims without her knowledge is whether the trial court erred in denying the defendants' declinatory exception of improper venue and peremptory exception of no cause of action, thereby maintaining the suit in St. Tammany Parish where the plaintiff's law office is currently located.

FACTS
On July 2, 1999, Victor White retained attorney Jan Jumonville ("Jumonville") to prosecute federal and state civil rights claims against the Parish of St. Charles arising out of his employment with the parish drainage department. The retainer agreement executed by Victor White provided, in pertinent part, as follows:

2. The Clients agree to truthfully answer all questions, cooperate in the prosecution of the Clients' claims, to be present in the Attorney's office whenever necessary to respond to discovery and prosecute the claim, to preserve and maintain all evidence in the Clients' possession, to advise of any change in the Clients' circumstances that might effect [sic] the Clients' claim and to provide the Clients' current residential and business addresses and telephone numbers.
3. The Attorney accepts such retainer and agree [sic] to act as attorney for said Clients and to perform or cause to be performed to the best of her ability all services necessary for the prosecution of such claims and causes of action and to accept the compensation for such services as herein provided without making any other charge for such services except as herein set forth, it being distinctly understood and agreed that no attorney fees will be made unless a recovery or settlement is had by the clients and the whole or some part thereof has been paid to the Clients.

4. The Clients each agree to pay the attorney as compensation for her services herein as follows:
A. In the event of settlement or judgment, thirty-three and 1/3 (33 1/3%) percent of the gross amount of any settlement or judgment.
B. In the event of an appeal, Forty (40%) percent of the gross amount of any settlement or judgment.
. . . .
6. In addition to the aforesaid fee, the Clients, whether recovery or settlement is had or not, shall pay all actual expenses and disbursements paid or incurred by the Attorneys in the prosecution of such claim or cause of action in advance and/or within 30 days of notice of the expense. These expenses include but are not limited to court cost, sheriff fees, expert fees, witness fees, copying cost, travel expenses, mileage, parking, postage, faxes and long distance calls.
*1046 [emphasis added]. In accordance with the terms of the retainer agreement, Jumonville filed a complaint on behalf of Victor White with the Equal Employment Opportunity Commission ("EEOC"), alleging workplace discrimination based on race. Following an investigation, the EEOC found reasonable cause to believe that Victor White's allegations of racial discrimination were valid and, following an unsuccessful attempt at voluntary resolution, referred the matter to the U.S. Department of Justice. The Department, however, ultimately decided not to proceed with suit.
Thereafter, on May 5, 2003, Jumonville filed suit on behalf of White and his spouse, Susan White (collectively referred to as the "Whites"), in the U.S. District Court for the Eastern District of Louisiana, against St. Charles Parish and several of its employees. Jumonville continued to prosecute those claims for the Whites until April 14, 2004, at which time she learned, upon attendance at a settlement conference in conjunction with the federal district court proceeding, that the Whites unilaterally dismissed their claims against the Parish of St. Charles and its employees without her knowledge or advice. Subsequent to that time, it is alleged that the Whites have refused to pay any attorney fees and outstanding costs incurred by Jumonville in the prosecution of their claims.
Jumonville has now filed the instant suit against the Whites in the 22nd Judicial District Court for the Parish of St. Tammany, alleging that the defendants breached their contingency fee contract and caused her to sustain a loss of attorney fees and costs. In response, the Whites filed a declinatory exception of improper venue and a peremptory exception of no cause of action. The trial court considered the Whites' exceptions at a hearing on November 12, 2007, at which time the lower court denied the exceptions in open court. A written judgment to that effect was signed on November 16, 2007. The Whites have now filed a supervisory writ application, seeking review of that decision by this Court.

DISCUSSION
Louisiana Code of Civil Procedure article 42 sets forth the general law on venue in civil proceedings. The statute provides, in pertinent part, that an action against an individual who is domiciled in the state shall be brought in the parish of his domicile. La.Code Civ. P. art. 42(1). The general rules of venue provided in Article 42 are subject to the exceptions provided in Articles 71 through 85 and otherwise provided by law. La.Code Civ. P. art. 43. If Article 78 (action against partners of existing partnership), 79 (action to dissolve partnership), 80 (action involving immovable property), 81 (action involving succession), 82 (action to partition community property), or 83 (action to partition partnership property) is not applicable, and there is a conflict between two or more of Articles 42 and 71 through 77, the plaintiff may bring the action in any venue provided by any applicable article. La.Code Civ. P. art. 45(3).
In the instant case, Jumonville submits that her claims are based on both breach of contract and tort.[1] Jumonville *1047 relies upon the follow exceptional venue provisions to support the filing of suit in St. Tammany Parish:
Art. 74. Action on offense or quasi offense
An action for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained.
Art. 74.4. Action on open account[2]
An action to collect an open account may be brought in the parish where the open account was created or where the services that formed the basis of such open account were performed, or in the parish of the domicile of the debtor.
Art. 76.1 Action on contract
An action on a contract may be brought in the parish where the contract was executed or the parish where any work or service was performed or was to be performed under the terms of the contract.
In applying the above-cited statutes, Jumonville represents that her law office is currently located in St. Tammany Parish and has been since May 2003. Jumonville represents that all legal work in conjunction with the federal litigation was performed there, including several client consultations with the Whites. Accordingly, Jumonville argues that St. Tammany Parish is where all work or services were performed under the contract at issue and where her damages were sustained. Thus, Jumonville submits that venue is proper there under La.Code Civ. P. arts. 74, 74.4, and 76.1.[3]
In opposition, the Whites argue on writs that the trial court erred in denying the exception of venue. In taking this position, the Whites submit that Jumonville's claims are based exclusively on breach of contract and do not sound in tort. Applying La.Code Civ. P. art. 76.1, the Whites submit that the contract whereby they retained Jumonville to provide legal services was executed in Jefferson Parish, where Jumonville's office was formerly located until May 2003, and that is where they intended for all work thereunder *1048 to be performed.[4]
Even if this Court believes that La.Code Civ. P. art. 74 is applicable, however, the Whites submit that the "wrongful conduct" complained of was their act of settling the claims to the exclusion of their attorney. Since that act occurred in Orleans Parish at the settlement conference in the federal proceeding or, alternatively, in St. Charles Parish where they are domiciled, the Whites submit that the exceptional venue provisions of La.Code Civ. P. art. 74 do not allow for venue in St. Tammany Parish.
To the extent that they argue that venue is improper, the Whites also submit that the lower court erred in ruling on the merits of the exception of no cause of action. The Whites argue that a transferee court of proper venue should not be bound by a decision of a co-equal court from another parish.
Upon initial consideration of the arguments presented on writs, we note that Jumonville has incorrectly attempted to characterize the instant suit as an action on open account. In dismissing that argument, we find guidance in the case of Culpepper v. Carroll, XXXX-XXXX (La.4/4/06), 929 So.2d 1224, certiorari denied, ___ U.S. ___, 127 S.Ct. 495, 166 L.Ed.2d 366 (Oct. 30, 2006). In Culpepper, the defendant retained the plaintiff law firm to represent him in a contest of his mother's will, agreeing that the firm would be paid one-third of any sums recovered on behalf of the client. In accordance with their agreement, the law firm negotiated a settlement with the estate. Nevertheless, the defendant refused to settle his claim for the offered amount, believing he was entitled to a larger share of the succession. Thereafter, upon refusal of his attorney to file suit, the defendant terminated his representation. Accordingly, the law firm brought an action against the former client to collect unpaid fees based on the settlement offer which it negotiated on behalf of the defendant. The city court originally rendered judgment in favor of the law firm, noting that a contingency fee arrangement was present, that the work was accomplished by the attorney, and that the settlement would have produced a better result than if the matter had gone to trial. The appellate court affirmed, finding that a valid contingent fee contract existed between the client and law firm and that the client deprived the attorney of the contingent fee he had earned by refusing to sign the favorable settlement he had negotiated. Moreover, the appellate court noted that the money owing in that case did not derive from an open account, but rather from a contractual obligation in the form of a contingent fee arrangement, thereby deleting the trial court's award of 25% additional attorney's fees plus costs under the open account statute. On writs, the Louisiana Supreme Court, as a threshold matter, found no manifest error in the trial court's finding of fact that a contingent fee contract existed.
In this case, a similar arrangement existed between Jumonville and the Whites. As previously noted, the Whites executed a written retainer agreement whereby they agreed to pay 33 1/3% of any recovery obtained via settlement or judgment and 40% of any settlement or recovery obtained on appeal, with court costs and ancillary expenses to be paid as accrued. Under the rationale of Culpepper, we find that the primary payment scheme is based on a contingent fee, rather than on open account. Accordingly, La.Code Civ. P. art. 74.4, dealing with actions on open account, does not apply.
*1049 Likewise, we find no merit to Jumonville's argument that La.Code Civ. P. art. 74, dealing with actions on offenses or quasi offenses, is applicable in this action. Indeed, in the case of James Minge & Assoc. v. Hanover Ins. Co., 96-2308 (La. App. 4 Cir. 4/2/97), 692 So.2d 728, an appellate court dismissed a similar argument. In that case, a discharged attorney sued his former client and an opposing party's insurer to recover attorney fees allegedly owed to him pursuant to a contingency fee contract. The defendant insurer filed an exception of prescription, arguing that the one year prescriptive period for delictual actions applied to that action and that prescription had run prior to the filing of suit, along with an exception of improper venue. The trial court denied the exceptions. On review, the Louisiana Fourth Circuit Court of Appeal affirmed in pertinent part. As to the exception of prescription, the appellate court reasoned that the client's newly retained attorney who ultimately settled the case was not an interloper who unlawfully converted the entire fee to himself, and thus that the plaintiff's claim was in contract, not in tort, and was governed by the prescription often years. 692 So.2d at 730. Moreover, since the claims were contractual in nature, the court held that venue was proper under La.Code Civ. P. art. 76.1 in East Baton Rouge Parish, where the contingent fee contract was undisputedly executed. 692 So.2d at 732.[5]
Herein, Jumonville's initial pleading was entitled "Petition for Breach of Contract" and all allegations in the petition are based on the terms of the contingency fee contract. Also, Jumonville has solely prayed for attorney fees and costs as set forth in the retainer agreement or, alternatively, for attorney fees on the basis of quantum meruit. Based on a reading of the petition as a whole, therefore, it is apparent that the instant action sounds in contract, rather than tort, law and that La.Code Civ. P. art. 74 is not applicable.
Thus, the only exceptional venue provision applicable herein is La.Code Civ. P. art. 76.1, dealing with contract claims. That statute provides that an action on a contract may be brought "in the parish where the contract was executed or the parish where any work or service was performed or was to be performed under the terms of the contract." The statute clearly provides alternative venues either in the situs where the contract was executed or where the work or services were performed. In this case, although the contract was executed at Jumonville's former law office in Jefferson Parish, the vast majority, if not all, of the legal services in conjunction with the federal litigation were rendered in St. Tammany following relocation of Jumonville's office on or before May 2003. The Whites were clearly aware of Jumonville's relocation and even met with Jumonville at her St. Tammany Parish office on several occasions during the pendency of the federal litigation. It is disingenuous for the Whites to now argue that St. Tammany Parish is an improper or even unexpected venue, given that they continued to elicit Jumonville's services following her relocation to that parish. Under the unique facts and circumstances of this case, St. Tammany Parish is a proper venue under La.Code Civ. P. art. 76.1, and *1050 the trial court did not err in denying the declinatory exception of improper venue.
With respect to the peremptory exception of no cause of action, we note that the Whites have not asserted any substantive argument in support thereof except that a court of improper venue is without authority to rule on an exception of no cause of action. Insofar as we conclude that St. Tammany Parish is a proper venue under La.Code Civ. P. art. 76.1, and in the absence of any alternative arguments supporting the exception of no cause of action, we likewise decline to disturb the trial court's ruling denying the peremptory exception of no cause of action.
Accordingly, we hereby deny the writ application filed on behalf of defendants Susan and Victor White.
WRIT DENIED.
NOTES
[1] The law is clear that where a party has been damaged by conduct arising out of a contract, he may have a right to seek damages in both tort and for breach of contract. Edmond v. Webre, 413 So.2d 306, 308 (La.App. 3 Cir. 1982). The determination of when a breach of contract gives rise to a tort action for venue purposes should be made on a case by case basis. Id. When both theories of recovery are applicable, so long as the facts supporting both claims are interrelated, venue is proper as to both claims if it is proper as to one. Aetna Ins. Co. v. Naquin, 478 So.2d 1352, 1354 (La.App. 5 Cir. 1985), writ granted, 481 So.2d 619 (La.1986), judgment aff'd, 488 So.2d 950 (La.1986).
[2] Prior to the enactment of La.Code Civ. P. art. 74.4, the courts held that venue for suits on open account was governed by the general venue provisions contained in La.Code Civ. P. art. 42, rather than the exceptional venue provisions for suits on contract provided by La.Code Civ. P. art. 76.1. See Chehardy, Sherman, Ellis, Breslin & Murray v. Amerasia Co., Inc., 96-384 (La.App. 5 Cir. 11/14/96), 694 So.2d 355. However, La.Code Civ. P. art. 74.4, dealing specifically with suits on open account, was added by Acts 2007, No. 433, § 1, effective August 15, 2007. Although the instant suit was filed prior to the effective date of La.Code Civ. P. art. 74.4, Jumonville seemingly argues that the statute is applicable to any pending suits since its provisions are procedural in nature. See La. Civ.Code art.
[3] In support of the argument that venue is proper in St. Tammany Parish, Jumonville cites the cases of Frisard v. State Farm Fire and Cas. Co., 2002-987 (La.App. 5 Cir. 1/28/03), 837 So.2d 706, writ denied, XXXX-XXXX (La.5/16/03), 843 So.2d 1138, and Clarendon Nat. Ins. Co. v. Carter, 39,622 (La.App. 2 Cir. 5/11/05), 902 So.2d 1142, writ denied, XXXX-XXXX (La. 1/27/06), 922 So.2d 544, wherein the courts concluded that venue in those legal malpractice actions was proper in the parishes in which the defendants' law offices were located pursuant to La.Code Civ. P. art. 74, rather than in the parishes in which the underlying suits giving rise to the malpractice claims were filed/where damages were sustained. To the extent that this is not a legal malpractice action, however, Frisard and Clarendon are distinguishable.
[4] Although not directly addressed by the Whites on writs, the same argument also applies to the application of La.Code Civ. P. art. 74.4, dealing with actions on open account.
[5] Similarly, the case of Elliott v. Amato and Creely, XXXX-XXXX (La.App. 1 Cir. 3/29/06), 934 So.2d 779, also arose out of a claim by an attorney for fees owed pursuant to a contingency fee contract. In Elliott, the plaintiff attorney cited both La.Code Civ. P. art. 76.1 and 74 in support of venue in East Baton Rouge Parish. Since this court found that venue was proper under La.Code Civ. P. art. 76.1, however, the court pretermitted discussion of whether venue might also be proper under Article 74.