IN THE SUPREME COURT OF TENNESSEE
AT JACKSON
November 7, 2018 Session

FILED
05/13/2019
Clerk of the
Appellate Courts

**CARLOS EUGENE MOORE v. BOARD OF PROFESSIONAL RESPONSIBILITY OF THE SUPREME COURT OF TENNESSEE**

**Appeal from the Chancery Court for Shelby County**
**No. CH-17-1691-III   William B. Acree, Jr., Senior Judge**

_____

**No. W2018-00969-SC-R3-BP**

_____

Carlos Eugene Moore ("Attorney") entered into a written contingent fee agreement to represent a client in a personal injury matter. The agreement, which was signed by the client, provided that if the client refused to accept any settlement offer which Attorney advised her was reasonable and should be taken, the client was responsible for the contingency fee "on the basis of that offer" unless Attorney waived the provision. When Attorney received an offer to settle the matter, he advised the client to accept the offer. She refused. Attorney filed a motion to withdraw which was granted. Attorney also sought to place a lien against the client's eventual recovery for his fees and expenses "presently owe[d]." After the client filed a complaint with the Board of Professional Responsibility ("BPR"), the BPR filed a petition for discipline. A hearing panel was appointed and, after an evidentiary hearing, the panel concluded that (1) Attorney had "made an agreement for and has sought to collect an unreasonable fee," violating Rule of Professional Conduct ("RPC" or "Rule") 1.5(a) and 1.5(c); and (2) Attorney had "violated Rule 1.8(i) because [the client] became obligated when [Attorney] advised [her] that the settlement offer . . . was 'reasonable and should be taken.'" The hearing panel imposed a sanction of public censure. Attorney sought review in chancery court, and the chancery court affirmed the hearing panel's decision. Attorney then sought review in this Court, arguing that the hearing panel's findings that he had violated the Rules of Professional Conduct were arbitrary and capricious and not supported by substantial and material evidence. Attorney further contends that the sanction imposed was arbitrary and capricious and not supported by substantial and material evidence. We hold that the record supports both the findings of violations and the imposition of a public censure. Accordingly, we affirm the chancery court's ruling upholding the hearing panel's decision.

**Tenn. Sup. Ct. R. 9, § 33.1(d);**
**Judgment of the Chancery Court Affirmed**

JEFFREY S. BIVINS, C.J., delivered the opinion of the Court, in which CORNELIA A. CLARK, SHARON G. LEE, HOLLY KIRBY, and ROGER A. PAGE, JJ., joined.

Richard Glassman and Lauran G. Stimac, Memphis, Tennessee, for the appellant, Carlos Eugene Moore.

William C. Moody, Brentwood, Tennessee, for the appellee, Board of Professional Responsibility.

## OPINION

### Factual and Procedural Background

On August 7, 2015, the BPR received a written complaint about Attorney from Linda Day. On October 10, 2016, the BPR filed its Petition for Discipline. A hearing panel ("the Panel") was appointed and conducted a hearing. The Panel heard evidence regarding this matter on July 11, 2017, and the following proof was adduced.

Attorney originally was admitted to the practice of law in Mississippi in 2002 and in Tennessee in 2010. In 2006, Attorney began his own law firm, "Moore Law Office, PLLC" ("the Law Firm"). As of July 2017, Attorney had not been disciplined by the BPR or by the Mississippi equivalent.

On January 23, 2013, the Law Firm entered into a written fee agreement with Ms. Day ("the Fee Agreement"). Attorney signed the Fee Agreement on behalf of the Law Firm. The Fee Agreement pertained to the firm's representation of Ms. Day in a personal injury matter arising in Tennessee ("the Lawsuit"). Ms. Day had filed a *pro se* complaint prior to hiring the Law Firm.

Relevant to the issues before us, the Fee Agreement provided that Ms. Day would pay her attorneys a forty percent contingency fee if recovery were made, plus expenses, or forty-five percent if recovery were made after appeal, plus expenses. The Fee Agreement also contained the following provision:

> d. Should I [Ms. Day] refuse to make any settlement which my attorneys advise me is reasonable and should be taken, then I understand that I am responsible for their fee on the basis of that offer, unless they waive this provision.

("the Settlement Offer Provision"). The Fee Agreement contains no provision for a fee based on an hourly charge.

In early February 2015, Attorney received an offer to settle the Lawsuit for the sum of $12,500. Attorney testified that he determined Ms. Day should accept this offer

2

after hearing her testify during her deposition, after reviewing her medical bills, after considering the facts surrounding her fall, and upon taking into consideration that the defendant was the Miriam Child Development Center, "a portion of the United Methodist Church." Attorney stated that, taking these factors into account, it was his professional judgment that a jury would not have "high sympathy" for Ms. Day and that "she was going to have some problems proving liability."

Accordingly, Attorney advised Ms. Day to accept the $12,500 offer. Attorney testified that he and the other lawyer that was assisting him on the case "tried and . . . tried" to explain to Ms. Day their reasons for advising her to accept the offer. Although Attorney described his client as both "very intelligent" and "very strong-willed," he stated that Ms. Day "would not listen to reason" regarding the worth of her claim. After their fruitless discussions, Attorney determined that they were at an impasse and that he should withdraw, allowing Ms. Day to seek new counsel.

On March 13, 2015, Attorney filed a "Motion to Withdraw as Counsel and Assert Lien" ("the First Motion") which averred the following:

> 1. Plaintiff and her counsel of record have reached an impasse on how to proceed with her case and it would be in Plaintiff's best interest to retain new counsel.

> 2. Specifically, Plaintiff refuses to adhere to the advice of counsel, making it impossible to continue representation of counsel [sic].

> 3. Plaintiff has also expressed that she no longer desires to be represented by The Moore Law Group, P.C. [sic].

> 4. Plaintiff will suffer no prejudice if her current counsel is allowed to withdraw and assert a lien of $13,605.00 for 45.35 hours of work at $300 an hour for attorney's fees, and $2,428.52 for expenses. See attached Exhibit "A" (Time Slip).

> WHEREFORE PREMISES CONSIDERED, Plaintiff's Counsel moves for an Order granting its withdrawal and noting its total lien of $16,033.52.

The trial court heard the First Motion on March 23, 2015, and Ms. Day was in attendance. According to Attorney, Ms. Day told the court that she "wanted [Attorney] to stay in the case." Attorney told the court that he "wanted to be out," and the trial court granted his motion to withdraw. The trial court did not rule on the lien request.

3

Less than two weeks later, on April 2, 2015, Attorney filed a "Motion to Assert Lien" in the Lawsuit ("the Second Motion"). The Second Motion requested the trial court

> to enter Notice into the record of this matter, and to all parties and their counsel, of [the Law Firm's] charging and retaining lien against and with respect to attorney's fees and expenses by Plaintiff, Linda Day, and any/all of its assigns or successors in interest, attorneys, or parties in privy in regard to the subject matter of this action, whether by settlement, judgment, order, decree, or otherwise . . . .

The Second Motion asserted that Ms. Day "presently owes [the Law Firm] the sum of $18,123.91 (51.65 hours of work at $300 an hour for attorneys' fees and $2,628.91 for expenses) for the performance of legal services and expenditure of costs and expenses for the benefit of [Ms. Day] . . . ." The Second Motion also asserted that it was "filed without waiver or release of any right, privilege, or interest of the Firm with regard to the subject matter of fees and expenses owed it by [Ms. Day], or any other matter."

Regarding the Second Motion, Attorney testified that he "never called the motion up to be heard." Attorney explained that his "intent was to wait to see when she settled and then call the motion up." He added, "I was not going to have it heard until I knew there was a recovery."

On May 4, 2016, after the BPR had received Ms. Day's complaint against Attorney, Attorney filed a pleading in the Lawsuit styled "Amended Motion to Assert Lien" ("the Third Motion"). The Third Motion differed from the Second Motion insofar as it asserted that Ms. Day "presently owes [the Law Firm] the sum of $7,428.91 ($4,800 in attorneys' fees, which is 40% of the $12,000 offer counsel suggested [Ms. Day] accept and $2,628.91 for expenses) for the performance of legal services and expenditure of costs and expenses for the benefit of [Ms. Day] . . . ." Attorney testified that, at the time he filed the Third Motion, he was not aware that Ms. Day had nonsuited the Lawsuit.[1] The Third Motion was never heard. The record contains no order from the trial court noting any lien requested by Attorney.[2]

Attorney testified that Ms. Day had paid him no attorney fees to date and that he waived any claim to fees relating to the Lawsuit.

---

[1] The Panel determined that Ms. Day refiled her lawsuit with new counsel and that it remained pending at the time of the hearing.

[2] We note that, although Attorney testified that the original offer to settle the Lawsuit was $12,500, the Third Motion inconsistently described the settlement offer as $12,000.

4

In addition to testifying, Attorney introduced into evidence a portion of a deposition taken of Ms. Day in which she acknowledged that, had she accepted an offer of settlement and a recovery were made, she would have owed Attorney a contingency fee.

After considering all of the proof, the Panel issued a comprehensive seventeen-page written judgment filed on August 31, 2017. The Panel concluded that Attorney "made an agreement for and has sought to collect an unreasonable fee in violation of Rule 1.5(a) & (c)"[3] because "[t]he fee under the Fee Agreement was not contingent on the outcome of the case, but rather, it was contingent on [Attorney's] recommendation of a settlement offer which he deemed reasonable." The Panel also concluded that Attorney "violated Rule 1.8(i) because [Ms.] Day became obligated when [Attorney] advised [Ms.] Day that the settlement offer from UNC was 'reasonable and should be taken.'"[4] The Panel explained that, "[i]f 'contingent' fee agreements with provisions similar to paragraph d of the Fee Agreement were allowed under the Rules of Professional Conduct, it would have a chilling effect on the client's ability to decide whether to accept an offer which was inconsistent with his or her objectives," and that, "[r]egardless of [Attorney's] position that he had never applied paragraph d as written, and the Hearing Panel's acceptance of that position, the Fee Agreement as written is overbearing and overreaching."

The Panel further concluded that

in each of the three pleadings filed to assert liens . . . , [Attorney] violated the Rules of Professional Conduct both when he sought an attorney's lien for his firm in excess of the amount of the proposed settlement under the impermissible fee agreement and by basing the attorney's lien on a $300.00 per hour [fee] which [was] not provided for in any written fee agreement between [Attorney] and [Ms.] Day.

---

[3] The Rules of Professional Conduct are codified at Tennessee Supreme Court Rule 8. RPC 1.5(a) provides, in pertinent part, that "[a] lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses." RPC 1.5(c) provides, in pertinent part, that "[a] fee may be contingent on the outcome of the matter for which the service is rendered . . . ."

[4] RPC 1.8(i) provides as follows:

A lawyer shall not acquire a proprietary interest in the cause of action or subject matter of litigation the lawyer is conducting for a client, except that the lawyer may:

(1) acquire a lien authorized by law to secure the lawyer's fee or expenses; and

(2) contract with a client for a reasonable contingent fee in a civil case.

5

Based on Attorney's violations of Rules 1.5 and 1.8, the Panel also concluded that Attorney had violated Rule 8.4(a).[5]

With respect to the appropriate sanction, the Panel concluded that the evidence did not support any aggravating factors. The Panel applied a single mitigating factor, the absence of a prior disciplinary record. The Panel then imposed a public censure as "the appropriate form of discipline in this matter."

On November 21, 2017, Attorney filed a petition for review of the Panel's decision in the Chancery Court of Shelby County. The BPR answered, and in due course, the chancery court reviewed the record of the proceedings before the Panel. The chancery court did not consider any additional proof. After hearing argument by the parties, the chancery court issued a sixteen-page order affirming the Panel's decision.

The chancery court determined that the Panel's decision was supported by substantial and material evidence, stating,

> The record clearly reflects that, pursuant to their fee agreement, [Attorney] sought a fee in conjunction with the offer Ms. Day received. According to the plain language of the agreement, when Ms. Day did not accept a settlement that [Attorney] opined was reasonable, [Attorney] had the option to charge a fee or waive the fee. This right was solely predicated on Ms. Day's decision not to heed [Attorney's] advice.

The chancery court also rejected Attorney's argument that he filed the liens in order to protect his claim for fees and expenses in the event Ms. Day eventually recovered any monies in her action. The chancery court emphasized that "on the face of the motions alone, [Attorney] believed he was 'presently owed' a fee from Ms. Day." Based on the language in Attorney's motions, the chancery court questioned "how one can assert someone 'presently owes' a fee while also asserting he may be owed a fee *if a certain event occurs*." "In other words," the chancery court continued, "[Attorney] had already charged an unreasonable fee and his current position is not well-taken." The chancery court concluded that,

> [a]ltogether, [Attorney] may have been entitled to receive a fee from Ms. Day's potential future award. However, [Attorney] did not assert his interest in a proper manner under the Rules of Professional Conduct. His impermissible Fee Agreement and Motion(s) to Assert Lien violated RPC 1.5 because they resulted in [Attorney] making an agreement for and then charging an unreasonable fee.

---

[5] RPC 8.4(a) provides that "[i]t is professional misconduct for a lawyer to . . . violate or attempt to violate the Rules of Professional Conduct . . . ."

The chancery court also agreed with the Panel that Attorney violated the Rules by asserting in both the First Motion and the Second Motion that he was owed a fee based on an hourly charge, a method of compensation to which Ms. Day had not agreed. Accordingly, the chancery court affirmed the Panel's decision that Attorney had violated Rule 1.5(a) and (c).

Additionally, the chancery court determined that there was sufficient evidence to support the Panel's conclusion that Attorney had violated Rule 1.8(i) because "the evidence showed that [Attorney] attempted to acquire a lien for an unreasonable fee" and because the Fee Agreement "allow[ed] [Attorney] to receive an unreasonable fee based on a settlement offer and not an outcome in the case."

Finally, the chancery court affirmed the sanction imposed by the Panel, concluding that "the public censure was the appropriate discipline" under the facts of the case and the violations committed.

The chancery court's order was filed on March 14, 2018. On May 25, 2018, Attorney filed his notice of appeal.[6] We now consider two issues: (1) whether the conclusions below that Attorney violated the Rules of Professional Conduct were arbitrary and capricious and not supported by substantial and material evidence, and (2) whether the imposition of a public censure was arbitrary and capricious and not supported by substantial and material evidence.

**Standard of Review**

Upon Attorney's appeal from the Panel's adverse decision, the chancery court was bound to apply the following standard of review:

> The review shall be on the transcript of the evidence before the hearing panel and its findings and judgment. If allegations of irregularities in the procedure before the hearing panel are made, the trial court is authorized to take such additional proof as may be necessary to resolve such allegations. The trial court may, in its discretion, permit discovery on appeals limited only to allegations of irregularities in the proceeding. The court may affirm the decision of the hearing panel or remand the case for further proceedings. The court may reverse or modify the decision if the rights of the party filing the Petition for Review have been prejudiced because the hearing panel's findings, inferences, conclusions or decisions are: (1) in violation of constitutional or statutory provisions; (2) in excess

---

[6] The chancery court's order assessing costs was filed on April 28, 2018. See Tenn. Sup. Ct. R. 9, § 33.1(d) (providing, in pertinent part, that "the time for appeal [to the Supreme Court] for all parties shall run from the trial court's entry of its findings and judgment with respect to the application for the assessment of costs").

of the hearing panel's jurisdiction; (3) made upon unlawful procedure; (4) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or (5) unsupported by evidence which is both substantial and material in the light of the entire record. In determining the substantiality of evidence, the court shall take into account whatever in the record fairly detracts from its weight, but the court shall not substitute its judgment for that of the hearing panel as to the weight of the evidence on questions of fact.

Tenn. Sup. Ct. R. 9, § 33.1(b).

This Court applies the same standard of review as that imposed on the chancery court. See Long v. Bd. of Prof'l Responsibility, 435 S.W.3d 174, 178 (Tenn. 2014). However, "[w]hile we do not substitute our judgment for the hearing panel's on questions of fact, we review questions of law de novo with no presumption of correctness accorded to the conclusions below." Napolitano v. Bd. of Prof'l Responsibility, 535 S.W.3d 481, 496 (Tenn. 2017) (citing Bd. of Prof'l Responsibility v. Reguli, 489 S.W.3d 408, 417 (Tenn. 2015)).

**Analysis**

*Infractions*

Attorney argues that the Panel's conclusions that he violated the Rules of Professional Conduct are not supported by substantial and material evidence and, therefore, are arbitrary and capricious. See Bd. of Prof'l Responsibility v. Allison, 284 S.W.3d 316, 322 (Tenn. 2009) ("This Court has recognized that a decision not supported by substantial and material evidence qualifies as arbitrary and capricious.").

"In determining whether substantial and material evidence supports the panel's decision, [this] Court evaluates whether the evidence furnishes a reasonably sound factual basis for the decision being reviewed." Sneed v. Bd. of Prof'l Responsibility, 301 S.W.3d 603, 612 (Tenn. 2010) (quoting Threadgill v. Bd. of Prof'l Responsibility, 299 S.W.3d 792, 807 (Tenn. 2009) (internal quotation marks omitted)). The substantial and material evidence test is met if the Panel's conclusions are "supported by such relevant evidence as a rational mind might accept to support a rational conclusion." Allison, 284 S.W.3d at 322 (quoting City of Memphis v. Civil Serv. Comm'n of Memphis, 216 S.W.3d 311, 316-17 (Tenn. 2007) (internal quotation marks omitted)). Thus, "[t]he evidence will be sufficient if it furnishes a reasonably sound factual basis for the decision being reviewed." Id. (quoting City of Memphis, 216 S.W.3d at 317).

The Panel based its findings and conclusions that Attorney violated the Rules on the basis of (1) the actual language contained within the Fee Agreement and (2) the

8

assertions contained in the motions that Attorney filed in an attempt to assert a lien for his fees and expenses. Attorney contends that his testimony at the hearing and portions of Ms. Day's deposition testimony contradict that language and those assertions and render the Panel's judgment unsupported by the evidence. We disagree.

As set forth above, the Settlement Offer Provision of the Fee Agreement states, "Should I [Ms. Day] refuse to make any settlement which my attorneys advise me is reasonable and should be taken, then I understand that I am responsible for their fee *on the basis of that offer*, unless they waive this provision" (emphasis added). We agree with the BPR that, "[a]t the least, this language is ambiguous and susceptible to two different interpretations." The first interpretation is that Ms. Day became responsible for Attorney's fee when she refused to accept the recommended settlement, regardless of whether she eventually recovers anything, unless Attorney waives the Settlement Offer provision.[7] The second interpretation is that, upon her making a recovery, Ms. Day owes Attorney a contingency fee based on the amount of the recommended offer, again unless Attorney waives the Settlement Offer Provision. In either event, absent Attorney's waiver, Ms. Day would owe Attorney a fee based on the original $12,500 settlement offer irrespective of the amount of her eventual recovery.

Both interpretations result in a fee agreement that violates Rule 1.5. As set forth above, RPC 1.5(a) states that "[a] lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses." Additionally, RPC 1.5(c) provides as follows:

> A fee may be contingent on the *outcome* of the matter for which the service is rendered, except in a matter in which a contingent fee is prohibited by paragraph (d) or other law. A contingent fee agreement shall be in a writing signed by the client and shall state the method by which the fee is to be determined, including the percentage or percentages that shall accrue to the lawyer in the event of *settlement, trial, or appeal*; litigation and other expenses to be deducted from the recovery; and whether such expenses are to be deducted before or after the contingent fee is calculated. The agreement must clearly notify the client of any expenses for which the client will be liable whether or not the client is the prevailing party. Upon conclusion of a contingent fee matter, the lawyer shall provide the client with a written statement stating the *outcome* of the matter and, if there is a recovery, showing the remittance to the client and the method of its determination.

RPC 1.5(c) (emphases added).

---

[7] Indeed, since Attorney represented in his motions to assert a lien that Ms. Day "presently owes" him fees and expenses, it appears that, at least prior to this disciplinary proceeding, Attorney adopted this first interpretation.

We agree with the Panel's conclusion that "[t]he fee under the Fee Agreement was not contingent on the outcome of the case, but rather, it was contingent on [Attorney's] recommendation of a settlement offer which he deemed reasonable. [Attorney], therefore, made an unreasonable fee agreement in violation of Rules 1.5(a) and 1.5(c)." Substantial and material evidence supports this conclusion by the Panel. Therefore, this conclusion was neither arbitrary nor capricious.

Moreover, although Rule 1.2(a) states that "[a] lawyer shall abide by a client's decision whether to settle a matter," the clear effect of the Settlement Offer Provision was to pressure the client to accept a settlement offer, if advised to do so by Attorney. Indeed, the Panel recognized that, "[i]f 'contingent' fee agreements with provisions similar to [the Settlement Offer Provision] were allowed under the Rules of Professional Conduct, it would have a chilling effect on the client's ability to decide whether to accept an offer which was inconsistent with his or her objectives." We agree with the Panel's assessment that "the Fee Agreement as written is overbearing and overreaching."

We find helpful in this regard a decision by the Supreme Court of Louisiana, Culpepper & Carroll, PLLC v. Cole, 929 So.2d 1224 (La. 2006). In Cole, the attorney agreed to represent the client in a will contest with a contingency fee agreement providing that the attorney would be paid one-third of any additional property or money the attorney obtained. Id. at 1225-26. After negotiations, the client was offered property worth almost $22,000 over that which he would have received under the terms of the will. Id. at 1226. The attorney recommended that the client accept the offer, but the client refused to do so. Id. Eventually, the client terminated the representation. Id. The client nevertheless challenged the will but recovered nothing. Id.

The attorney sought to recover his fee based on the settlement offer. Id. Rejecting this attempt, Louisiana's high court held as follows:

> With the benefit of hindsight, it would have been in [the client's] best interest to accept the settlement offer obtained by [the attorney]. However, it is clear that the decision to accept a settlement belongs to the client alone. See Rule 1.2(a) of the Rules of Professional Conduct ("A lawyer shall abide by a client's decision whether to settle a matter."). Therefore, regardless of the wisdom of [the client's] decision, his refusal to accept the settlement was binding on [the attorney].

> To allow [the attorney] to recover a contingent fee under these circumstances would penalize [the client] for exercising his right to reject the settlement. We find no statutory or jurisprudential support for such a proposition. Indeed, this court has rejected any interpretation of the Rules

10

of Professional Conduct which would place restrictions on the client's fundamental right to control the case.

Id. at 1227. We agree with this reasoning.

The effects of the Settlement Offer Provision rendered the provision unreasonable, resulting in an unreasonable fee agreement. We note that RPC 1.0(h) defines "reasonable" in the context of an attorney's conduct as "the conduct of a reasonably prudent and competent lawyer." In our view, a fee agreement that permits a lawyer to exert overt financial pressure on a client regarding the decision to accept or reject a settlement offer is not consistent with prudence and competence.

The Panel also concluded that the Settlement Offer Provision violated Rule 1.8(i), which provides that "[a] lawyer shall not acquire a proprietary interest in the cause of action or subject matter of litigation the lawyer is conducting for a client . . . ." We agree with the Panel's conclusion. The Settlement Offer Provision gave Attorney a proprietary interest in any settlement offer that was made in the Lawsuit and that he recommended to Ms. Day because, based upon the plain language of the Settlement Offer Provision, Attorney thereby became entitled to a fee, regardless of whether she accepted the offer and regardless of whether she obtained any recovery whatsoever.

Again, we find guidance from another jurisdiction. In Hoover Slovacek LLP v. Walton, the attorney's contingent fee agreement included a provision "stating that, in the event the attorney [was] discharged before completing the representation, the client must immediately pay a fee equal to the present value of the attorney's interest in the client's claim." 206 S.W.3d 557, 559 (Tex. 2006). The Texas Supreme Court held that this provision granted the lawyer "a proprietary interest in the client's claim by entitling him to a percentage of the claim's value without regard to the ultimate results obtained," id. at 564, and was unenforceable, id. at 566.

We hold that substantial and material evidence supports the Panel's conclusion that Attorney "violated Rule 1.8(i) because [Ms.] Day became obligated when [Attorney] advised [Ms.] Day that the settlement offer from UNC was 'reasonable and should be taken.'"

Attorney protests that his testimony and Ms. Day's deposition testimony establish that neither of them understood the Fee Agreement as causing Attorney's fees and expenses to become payable regardless of Ms. Day's actual recovery. However, the actual text of the Second and Third Motions Attorney filed in attempts to establish his lien states that the amount he claimed in fees and expenses was "presently owe[d]." We agree with the Panel and the chancery court that the plain language of these pleadings is material and substantial evidence that Attorney was construing the Fee Agreement in a

11

manner that made his fees contingent not on Ms. Day's eventual recovery but rather on her refusal to accept the settlement offer that he advised her to take.

In sum, the record supports the Panel's conclusions that Attorney violated RPC 1.5(a), RPC 1.5(c), and RPC 1.8(i). Accordingly, the record also supports the Panel's conclusion that Attorney thereby violated RPC 8.4(a) (rendering it "professional misconduct for a lawyer to . . . violate or attempt to violate the Rules of Professional Conduct"). Attorney is entitled to no relief on his claims that the Panel acted arbitrarily and capriciously in determining that he violated the Rules.

*Sanction*

After concluding that Attorney had violated the Rules with his Fee Agreement and subsequent attempts to assert a lien for his fees and expenses, the Panel imposed a public censure as a sanction. Attorney argues that a public censure is not supported by substantial and material evidence and, therefore, is arbitrary and capricious.

Tennessee Supreme Court Rule 9, section 15.4(a), provides that, "[i]n determining the appropriate type of discipline, the hearing panel shall consider the applicable provisions of the ABA Standards for Imposing Lawyer Sanctions." In this case, the Panel determined that the ABA Standards indicated that a reprimand was appropriate based on the applicability of Standards 4.33 and 7.3.

ABA Standard 4.33 provides that "[r]eprimand is generally appropriate when a lawyer is negligent in determining whether the representation of a client may be materially affected by the lawyer's own interests, or whether the representation will adversely affect another client, and causes injury or potential injury to a client." ABA Standard 7.3 provides that "[r]eprimand is generally appropriate when a lawyer negligently engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system." The Panel concluded that both of these Standards applied based on Attorney's "actions in asserting an attorney's lien initially based on an hourly fee basis, and a year later, on the basis of the unaccepted settlement under paragraph d" because those actions could have caused injury to Ms. Day, the public, and the legal system.[8]

The Panel also determined that the preponderance of the evidence supported no aggravating factors but did support a single mitigating factor, Attorney's lack of a prior disciplinary record. See ABA Standard 9.32(a).

---

[8] ABA Standard 2.5 provides that "[r]eprimand, also known as censure or public censure, is a form of public discipline which declares the conduct of the lawyer improper, but does not limit the lawyer's right to practice."

12

We hold that the record supports the Panel's application of ABA Standards 4.33 and 7.3.

Moreover, the procedural posture of this matter did not permit the Panel to impose a lesser sanction once the Panel determined that Attorney had violated the Rules of Professional Conduct. Tennessee Supreme Court Rule 9, section 15.4(a), provides as follows:

> If the hearing panel finds one or more grounds for discipline of the respondent attorney, the hearing panel's judgment shall specify the type of discipline imposed: disbarment (Section 12.1), suspension (Section 12.2), or public censure (Section 12.4). . . . In addition to imposing one of the foregoing types of discipline, the hearing panel may order restitution (Section 12.7). *Temporary suspension (Section 12.3), private reprimand (Section 12.5), and private informal admonition (Section 12.6) are not types of discipline available to the hearing panel following the filing of a Petition for Discipline.* In determining the appropriate type of discipline, the hearing panel shall consider the applicable provisions of the ABA Standards for Imposing Lawyer Sanctions.

Tenn. R. Sup. Ct. R. 9, § 15.4(a) (emphasis added). In light of the plain language of this Rule providing that public censure was the minimum sanction available to the Panel, Attorney is not entitled to relief from the sanction of public censure.

## Conclusion

The record supports the Panel's decision, both its conclusions as to Attorney's violations of the Rules of Professional Conduct and its imposition of a public censure as the appropriate sanction. The chancery court committed no reversible error in affirming the Panel.

Accordingly, we affirm the chancery court's decision upholding the Panel's judgment. The costs of this cause are assessed to Attorney.

_____
JEFFREY S. BIVINS, CHIEF JUSTICE

13